36113. ANDRUS et al. v. STATE HIGHWAY DEPARTMENT.

Decided April 4, 1956—Rehearing denied April 27, 1956.

William G. Grant, Robert W. Spears, for plaintiff in error.
Durwood T. Pye, Harold Sheats, Paul H. Anderson, contra.

Quillian, J. 1. Special grounds 4, 5, 6, 7, and 8 insist that the trial judge erred in permitting the condemnor to introduce in evidence opinions of witnesses to the effect that the condemnee's

property had benefited and enhanced in value as a result of the construction, by the condemnor, of an expressway which did not touch any part of the condemnee's property and was located some thousand or more feet therefrom. These grounds are without merit because the exit road did cross the property of the condemnee. The exit road being a part of the 4-lane expressway is the same thing and incapable of separation therefrom. But for the entrance and exit roads to the main expressway, it would be incapable of use. The trial judge did not err in admitting the evidence objected to.

2. Special ground 9 excepts to the following charge: "Now, the law provides that the Highway Department has the burden of proof to show you by a legal preponderance of the evidence that the allegations which it makes in its petition are true, except, of course, where such allegations may have been admitted by the defendant, Carl A. Andrus, here in open court as the case proceeded before you, and those, of course, you will accept without further proof." The trial judge gave the jury no other instructions as to the burden of proof in this action. When a trial judge undertakes to charge the law on a subject, he must charge all the law on the subject which is material or applicable to the case. *Rouse* v. *State*, 2 *Ga. App.* 184 (58 S. E. 416); *Harper* v. *State*, 17 *Ga. App.* 561 (87 S. E. 808); *Williams* v. *State*, 25 *Ga. App.* 193 (102 S. E. 875); *Hinson* v. *Hooks*, 27 *Ga. App.* 430 (108 S. E. 822). Upon the trial of an appeal from the award of the appraiser in a condemnation suit, the only issue is the amount of injury sustained by the condemnee. *Georgia Power Co.* v. *Brooks*, 207 *Ga.* 406 (4) (62 S. E. 2d 183). The burden of proof is upon the condemnor to establish by a preponderance of the evidence what amount of money constitutes a just and adequate compensation. *Streyer* v. *Georgia S. & F. R. Co.*, 90 *Ga.* 56 (15 S. E. 637); *State Highway Board of Ga.* v. *Shierling*, 51 *Ga. App.* 935 (3) (181 S. E. 885). The trial judge did not instruct the jury as to the above principles, and the charge was harmful error. Counsel for the condemnor insist that the charge covered these principles because the trial judge instructed the jury that the burden was on the condemnor to prove the allegations of its petition, and that these allegations set up that the condemnor was ready and willing to pay a just compensation for the property. Con-

ceding, but not deciding, that the condemnor proved everything in its petition, it would only establish that the condemnor was ready to pay a just compensation, but the amount of compensation would not be established.

3. Special ground 10 complains that the trial judge charged the jury to assess the consequential benefits and enhancement in value of the property of the condemnee not taken, and to deduct that amount from the consequential damages to the property. The condemnee insists this charge was error because there was no evidence to authorize such instruction for the reason that the jury had before it no data from which it could have determined the value of any consequential benefit or the amount of any enhancement if it had found that the condemnee's remaining property was in some way benefited or enhanced in value as a result of the construction or maintenance of the improvement for which the property had been condemned. There were two witnesses for the condemnor who testified that the condemnee's remaining property would be benefited by the construction of the expressway, but neither of these witnesses testified as to the amount of enhancement in value or even the percent of increase in the value of the property.

"The general rules of evidence in civil cases govern the admissibility and sufficiency of the evidence on the question of benefits." Collins v. State Highway Commission, 145 Kan. 598 (66 Pac. 2d 409). There must be evidence as to the consequential benefits from which the jury could reasonably estimate the amount of improvement before they could deduct it from the consequential damages. In the present case there was no evidence which was definite enough to enable the jury to arrive at the amount of consequential benefits if any. There being no evidence as to the amount of consequential benefits, the trial judge erred in giving the instruction objected to.

4. Special ground 11 complains of the trial judge's failure to instruct the jury to disregard a statement made by the condemnor's counsel in his argument to the jury. This assignment of error as to a matter not likely to recur on a new trial is not considered.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*