39180.   SMITH v. STATE HIGHWAY DEPARTMENT.

DECIDED JANUARY 29, 1962.

*Merritt & Pruitt, Glyndon C. Pruitt*, for plaintiff in error.
*Eugene Cook, Attorney-General, Carter Goode, Paul Miller, Assistant Attorneys-General, Dudley Hancock*, contra.

JORDAN, Judge.  1. In an appeal to the superior court from the award of the assessors in a condemnation proceeding, it is error for the court to charge the jury on the question of conse-

quential benefits where there is no evidence that there will be any consequential benefits to that portion of the land not taken. *Garden Parks, Inc. v. Fulton County*, 88 Ga. App. 97 (3) (76 SE2d 31); *Stanfield v. State Highway Dept.*, 95 Ga. App. 452 (1) (98 SE2d 40). While two witnesses for the condemnor testified in the instant case that the condemnee's remaining property would be benefited by the construction of the expressway on that portion of the condemnee's property taken, neither of these witnesses testified specifically as to the amount of enhancement in value or even the percentage of increase in the value of the property. Under the decision of this court in *Andrus v. State Highway Dept.*, 93 Ga. App. 827, 829 (93 SE2d 174), affirmed, 212 Ga. 737 (95 SE2d 781), the testimony in this case was insufficient to authorize a charge on consequential benefits, since there must be specific evidence as to the consequential benefits from which the jury could reasonably estimate the amount of improvement before they could deduct it from the consequential damages.

While this court is bound by the decision of the Supreme Court in the *Andrus* case, the writer of this opinion is inclined to agree with the views of Justice Hawkins as set forth in the dissenting opinion, concurred in by Chief Justice Duckworth. We are having to reverse this case for the reason that the condemnor failed to present opinion evidence as to the specific value of consequential benefits which would have supported the charge of the court thereon. As pointed out in the dissenting opinion in the *Andrus* case, supra, the jury is not bound by such opinion evidence, but may fix value from other evidence before them tending to illustrate the question. However, following the ruling in the *Andrus* case, supra, we must conclude that the trial judge erred in giving the instructions objected to in special grounds 4, 5 and 8 for the reasons assigned in those grounds.

2. The trial judge's instruction in this case as to the method of arriving at the consequential damages (excluding those portions of the charge which related to the question of consequential benefits) in the absence of a request to charge was not reversible error. *State Highway Board v. Bridges*, 60 Ga. App. 240 (2, 3) (3 SE2d 907). The remaining special grounds are

therefore without merit. If the condemnee desired additional instructions in the case on the measure of consequential damages, he should have submitted a timely written request to charge.

The general grounds are not ruled upon as the case is to be tried again.

*Judgment reversed. Nichols, P. J., concurs. Frankum, J., concurs in the judgment only.*