## 39657. STATE HIGHWAY DEPARTMENT v. GRANT et al.

DECIDED SEPTEMBER 18, 1962—REHEARING DENIED
OCTOBER 3, 1962.

*Eugene Cook, Attorney General, Carter Goode, E. J. Summerour, Assistant Attorneys General, Phillip Benson Ham,* for plaintiff in error.

*George L. Jackson,* contra.

FELTON, Chief Judge. ▮ Special ground 2 of the amended motion for new trial complains of the following excerpt from the charge to the jury: "The general rule, Gentlemen, is where property is taken for public purposes the measure of damages is the difference between the market value immediately before and after the *damages;* that applies to the consequential damages, if any, are involved in this case." (Emphasis supplied). Two paragraphs prior to this excerpt, the court had correctly charged this same proposition, using the word *taking,* rather than *damages,* but he prefaced his reading of the excerpt complained of by saying, "The court read this rule at the wrong place a moment ago, Gentlemen, but I will re-read it and ask you to disregard it as to the form of position."

It is apparent that the court intended to use the word "taking," rather than the word "damages." While the word used was not appropriate, we think that the jury could not have been misled by this obvious verbal inaccuracy resulting from a "slip

of the tongue," especially since the charge was correctly given almost immediately before, and since the court instructed the jury that his statement of the rule had been erroneous only as to its timing in the charge, not as to its content. See in this regard: *Walraven v. Walraven*, 76 Ga. App. 713, 719 (4) (47 SE2d 148); *Ray v. State*, 82 Ga. App. 550, 552 (61 SE2d 779); *Limbert v. Bishop*, 96 Ga. App. 652, 656 (6) (101 SE2d 148). The error complained of in the charge being harmless, this special ground is without merit.

■ Special grounds 3 and 4 complain that the court erred in charging the jury on consequential benefits. The only evidence as to consequential benefits included in the record is the testimony of an expert witness to the effect that the building of the highway had increased the market value of the land and that his estimate of the value of the remainder of the land after the condemnation was arrived at partially by consideration of the consequential benefits by reason of the highway. Under the decision of this court in *Andrus v. State Highway Dept.*, 93 Ga. App. 827, 829 (93 SE2d 174), affirmed, 212 Ga. 737 (95 SE2d 781), there must be specific evidence as to the consequential benefits from which the jury could reasonably estimate the amount of improvement before they could deduct it from the consequential damages. The case of *Smith v. State Highway Dept.*, 105 Ga. App. 245 (124 SE2d 305), following the *Andrus* case, supra, held that while two witnesses for the condemnor had testified that the condemnee's remaining property would be benefited by the construction of the expressway on that portion of the condemnee's property taken, neither of these witnesses had testified specifically as to the amount of enhancement in value or even the percentage of increase in the value of the property and the testimony was therefore insufficient to authorize a charge on consequential benefits.

The charge was harmful in this case because the expert witness, with the acquiescence of both parties, estimated the consequential damages to the property after deducting in his mental computation the consequential benefits without stating to the jury his separate estimates as to the amounts fixed by him as consequential damages and benefits. The witness was doing

what the jury was supposed to do. So, in authorizing the jury to deduct consequential benefits from the amount found by them as consequential damages, the court authorized a double deduction for consequential benefits when there was no evidence whatsoever as to any specific amount of consequential benefits.

Special grounds 3 and 4 being meritorious, the court did not err in its judgment granting the motion for new trial.

*Judgment affirmed. Bell and Hall, JJ., concur.*