40297. BALL v. STATE HIGHWAY DEPARTMENT et al.

458

DECIDED OCTOBER 9, 1963.

*Maxwell A. Hines, Hugh D. Wright,* for plaintiff in error.

*Eugene Cook, Attorney General, Carter Goode, Assistant Attorney General, Asa D. Kelley, Jr., J. Lundie Smith, S. B. McCall,* contra.

BELL, Presiding Judge. ■ On the general grounds of condemnee's amended motion for new trial the appellate court will not disturb the trial court's refusal to grant a new trial if there is any evidence at all to support the verdict, however slight, and regardless of what may be the character of the witnesses. *Davis v. State,* 68 Ga. App. 296 (22 SE2d 762); *Aycock v. State,* 62 Ga. App. 812 (10 SE2d 84). The appellate court is confined to reversing only where there is no evidence to support the verdict. *Lanier v. Tullis,* 73 Ga. 142; *Adler v. Adler,* 207 Ga. 394, 405 (7) (61 SE2d 824).

Under the rule in *Housing Authority of City of Calhoun v. Spink,* 91 Ga. App. 72 (85 SE2d 80), and cases it cites, the burden of proof is on the condemnor to prove both actual damages and consequential damages and in order "to obtain a verdict fixing that value, the taker must introduce evidence showing value." Condemnee contends that the State introduced no evidence on the question of what, if any, rights of access to and from the abutting lands were taken and no evidence as to the value of these rights. We find, however, that two of the State's witnesses testified as to the depreciation in value of the abutting property based on the fact that the western portion would be landlocked. This evidence is sufficient to cause the objections raised by the general grounds to be without merit.

■ Special ground 4 of the amended motion for new trial assigns error on the trial court's overruling condemnee's motion for nonsuit and motion to dismiss condemnor's appeal. These issues cannot be considered here.

The motion to dismiss is in the nature of a general demurrer, and it may not be raised on motion for new trial. *Turner v. Barber,* 131 Ga. 444 (62 SE 587); *Leathers v. Leathers,* 132 Ga. 211, 213 (2) (63 SE 1118).

The trial court's action in overruling condemnee's motion for nonsuit may not be considered, either under ground 4 or on direct exception, because the plaintiff in error has preserved and argued the general grounds of his motion for a new trial. Where a nonsuit is denied, the case proceeds to trial, and a motion for new trial is filed which complains of the sufficiency of the evidence, the ruling on the motion for nonsuit will not be reviewed. *Echols*

*v. Thompson,* 211 Ga. 299 (1) (85 SE2d 423); *Reserve Ins. Co. v. Foster,* 96 Ga. App. 337 (99 SE2d 839).

Special grounds 5, 6 and 7 of the amended motion for new trial object to the trial judge's instruction to the jury that consequential benefits could be deducted from consequential damages. Condemnee correctly contended, and the State conceded, that the record was devoid of any evidence that consequential benefits accrued to condemnee's remaining abutting property. Under the rule in *State Hwy. Dept. v. Andrus,* 212 Ga. 737 (95 SE2d 781), *Garden Parks, Inc. v. Fulton County,* 88 Ga. App. 97 (76 SE2d 31), and *Stanfield v. State Hwy. Dept.,* 95 Ga. App. 452 (98 SE2d 40), the charges complained of in special grounds 5, 6 and 7 are reversible error.

*Judgment reversed. Hall and Pannell, JJ., concur.*