44725. STATE HIGHWAY DEPARTMENT v. ROSENFELD et al.
44726. FRANCHISE REALTY INTERSTATE CORPORATION et al. v. STATE HIGHWAY DEPARTMENT et al.

EBERHARDT, Judge. The State Highway Department filed its petition to condemn 0.069 acres of land against Samuel Rosenfeld, the owner, Franchise Realty Interstate Corporation, the ground lessee, and Mr. and Me., Inc., the sublessee which operates a McDonald's drive-in restaurant on the premises. Condemnor and condemnees appealed to a jury in the superior court from the award of the special master, and after verdict and judgment the condemnees filed their motion for new trial. The trial court sustained Ground 4 of the motion, which complained that the court erred in charging the jury upon the question of consequential benefits, and overruled

all other grounds. The condemnor appealed from the order granting a new trial, and we dismissed the appeal since it was not a final judgment subject to direct appeal and there was no statutory certificate from the trial court. *State Highway Dept. v. Rosenfeld,* 118 Ga. App. 524 (164 SE2d 259). The case was re-tried, resulting in a verdict for condemnees in stated amounts, and condemnor now appeals from the final judgment entered on the verdict in the second trial, enumerating as error the previous granting of a new trial to condemnees. Franchise Realty and Mr. and Me., Inc., cross appeal from the judgment entered in the second trial, enumerating as error the failure of the trial court to give a requested charge on the second trial. *Held:*

1. "Where an appeal is taken under any provision of paragraph (a) above, all judgments, rulings or orders rendered in the case which are raised on appeal, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order appealed from was final, or was appealable by some other express provision of law contained in paragraph (a) above, or elsewhere." *Code Ann.* § 6-701 (b).

The present appeal is taken from a final judgment, and error is assigned on a previous nonappealable order of the court below. Under *Code Ann.* § 6-701 (b), supra, the prior order granting condemnees' motion for new trial is now properly before us for review.

2. The sole issue raised by the main appeal is whether there was sufficient evidence of consequential benefits to the property not taken to authorize the trial court to charge the jury on that subject. The recognized rule is that to justify the charge there must be evidence as to the consequential benefits from which the jury could reasonably estimate the amount of improvement so that the consequential benefits could be set off against or deducted from the consequential damages. *Andrus v. State Highway Dept.,* 93 Ga. App. 827, 829 (93 SE2d 174), affirmed 212 Ga. 737 (95 SE2d 781); *Smith v. State Highway Dept.,* 105 Ga. App. 245, 246 (124 SE2d 305); *State Highway Dept. v. Grant,* 106 Ga. App. 696, 698 (127 SE2d 920); *Ball v. State Highway Dept.,* 108 Ga. App. 457, 460 (133 SE2d 638).

Condemnor's expert appraiser testified that there would be consequential benefits as a result of the highway construction; that the property would be worth more after the taking than before. The lease under which two of the condemnees make their claim for damages in this proceeding was introduced into evidence and provided that Franchise Realty would pay to the lessor $500 per month "until the clover leaf is opened on Macon Road for U. S. Highway #80," and thereafter $625 per month. There was testimony from condemnees' witness that the $125 per month increase in rental upon completion of the improvement was also incorporated into the lease between the lessee and sublessee. This witness, in arriving at the value of the land, used the income approach and explained in detail to the jury how rental value of investment land was computed into market value. In essence, he testified that in today's market the lessor should expect a 7% return on his money, and in order to arrive at the market value from the rent received it was necessary only to divide 7% into the net annual rental. Hence since the lessor was receiving $500 per month or $6,000 a year net, he divided 7% into $6,000 to arrive at a rounded-off market value of $86,000 for the whole parcel. This amounted to $3.82 per square foot, and since 3,005 square feet were taken it was his opinion that the portion taken was worth $11,625.

Market value determined from rental value is an acceptable method for ascertaining just and adequate compensation for land taken under the power of eminent domain. *Lewis v. State Highway Dept.*, 110 Ga. App. 845 (140 SE2d 109); *State Highway Dept. v. Edmunds*, 113 Ga. App. 550 (149 SE2d 182). By the same token, market value determined from rental value is an acceptable method for ascertaining consequential benefits to the land not taken. Hence in the case at bar all the jury had to do was to follow the method utilized by condemnees' witness and divide 7% into the $1,500 annual increase in rent to arrive at an exact amount of consequential benefits to the remaining property.

Condemnees argue, however, that when the leases were negotiated the parties were under the impression, from having seen the plans for the highway, that the interchange would not take any of the leased premises, and that the plans were altered 3½ years after the lease was negotiated so as to add for the first time a provision for taking a part of the leased

property. Thus it is argued that the provisions in the leases calling for more rent after the completion of the highway have no bearing upon the issue of consequential benefits since the parties relied upon information which proved to be incorrect. However, paragraph 15 of the lease (appearing in the record on cross appeal, and counsel agreeing on oral argument that it should be considered on both the direct and cross appeals), entitled "Condemnation," provided, inter alia, that in the event 10% or more of the front depth of the parking area is taken or condemned, the lessee may at any time, either prior to or within a period of 60 days after the date when possession is required by the condemning authority, elect to terminate the lease; and in the event lessee fails to exercise the option to terminate, the lease shall continue in effect. The record shows that the taking eliminated 40% of the front parking apron, calling into play the right to terminate. Testimony of the highway engineer that the date of the taking was February 22, 1967, is undisputed. On that date the condemnor acquired title and all rights of possession to the land taken. The owner testified that the condemnor has removed sidewalks and paving and required the lessee to remove its large sign from the land, although it has continued without objection to permit parking by lessee's patrons on a portion of it. That there has been no termination of the lease follows from his testimony that the lessee was, at the time of the trial, paying the rental regularly and that he expected to collect it during the next 30 years. Thus the jury could well conclude that the lessees considered themselves benefited to the extent that they were willing to pay $1,500 additional rent upon the opening of the interchange, and that the owner was benefited by an increased value which supported an increased rental.

We hold, therefore, that the provisions in the leases calling for additional rent upon the opening of the improvement are relevant upon the issue of consequential benefits, and that there was accordingly some evidence from which the jury could calculate the amount of the benefits. It follows that the trial court erred in holding that the charge on consequential benefits was not authorized by the evidence and in granting a new trial upon this ground. The order granting the new trial is reversed with direction that the first verdict and judgment be reinstated.

3. Since the first verdict and judgment were erroneously set aside, the cross appeal enumerating as the sole error the failure to give a requested charge on the second trial is moot and must be dismissed. See the last sentence in *Code Ann.* § 6-701 (b).

*Judgment reversed in case No. 44725 with direction that the verdict of December 14, 1967, and the judgment entered December 29, 1967, on this verdict be reinstated. The cross appeal in case No. 44726 is dismissed. Bell, P. J., and Deen, J., concur.*

ARGUED SEPTEMBER 3, 1969—DECIDED SEPTEMBER 10, 1969—REHEARING DENIED OCTOBER 3, 1969—

*Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Richard L. Chambers, Robert E. Sherrell,* Assistant Attorneys General, *Thurman E. Duncan,* Deputy Assistant Attorney General, *Lennie F. Davis,* for State Highway Dept.

*Foley, Chappell, Hollis & Schloth, William J. Schloth,* for Rosenfeld.

*Hatcher, Stubbs, Land & Rothschild, Richard Y. Bradley,* for Franchise Realty.