45579.  GARBER et al. v. HOUSING AUTHORITY
OF THE CITY OF ATLANTA.

ARGUED SEPTEMBER 11, 1970—DECIDED NOVEMBER 13, 1970—
REHEARING DENIED DECEMBER 1, 1970—CERT. APPLIED FOR.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, I. T. Cohen, Brackett, Arnall & Stephens, H. A. Stephens, Jr.,* for appellants.

*King & Spalding, R. William Ide, III,* for appellee.

JORDAN, Presiding Judge. 1. The first and second enumerations involve excerpts from the instructions as follows:

(1) "Ladies and gentlemen, the value of the leasehold interest itself, and I'm speaking now of the lease itself, will be arrived at by considering the actual contract price the condemnees were paying for the condemned property and subtracting that figure from the actual economic rent that these premises should be rented for on an open market. The difference in these figures would represent the profit that condemnees had in the lease, and you would extend the figures so as to cover the remaining portion of the life of the lease. I believe that has been stipulated by the parties in this case to be six and one-half years. When you arrive at this figure, you would reduce this figure to its present cash value, using seven percent per annum as the legal rate of interest in this State."

(2) "The law does not specify a particular detailed formula to be used in determining what amount of dollars represents just and adequate compensation. Generally, however, in a case like this,

the fair market value of the leasehold itself will result in giving just and adequate compensation; that is, for the leasehold property actually taken."

It is contended that the two excerpts are in conflict because the second, which actually precedes the first in the instructions as given, establishes the fair market value of the lease as the measure of just and adequate compensation whereas the other establishes value as the difference between the contract rent and the actual rental value in an open market.

Viewing the excerpts in the order given in the instructions the trial judge first informed the jury of the absence of a precise formula to determine just and adequate compensation for the leasehold and that generally the use of fair market value will result in just and adequate compensation for the leasehold, and then subsequently complemented these instructions by explaining how to use the fair market value, however established, to compute damages for the owners of the leasehold in terms of the difference between this value and the saved contractual cost of the lease.

We think it is obvious that in respect to the value of the leasehold itself to the lessees, what the owners were deprived of was the right to use premises for some 6½ years at a monthly rental of $237.50 which, under the evidence, a jury could determine to have an actual market rental value in excess thereof, and the difference, as reduced to present value, would be one way of measuring the actual pecuniary loss to the lessees by the taking, putting aside any consideration of the loss of profits in the event the taking also had the effect of destroying the business of the lessees as conducted on the premises.

It is also obvious, from a reading of the entire instructions, that the instructions given as a means of measuring the value of the leasehold itself were never intended to limit just and adequate compensation to damages for this alone, for elsewhere the trial judge expressly referred to "loss of profits as a separate item of damages additional to the value of the leasehold interest" and as "a portion of the just and adequate compensation due to the condemnees." Thus no basis exists for application of the ruling in Division 6 of *Bowers v. Fulton County,* 221 Ga. 731, 741 (146 SE2d 884, 20 ALR3d 1066), based on the error of the trial judge

there in failing to include damages to the business in defining just and adequate compensation.

2. The third enumeration is without merit. There is no requirement under present law that the trial judge give the exact language of a request even if it correctly states the law and is relevant. The substance of the requested charge is included in the instructions as given.

3. The condemnees assert error in the fifth enumeration on the following instructions:

"You will look to all the evidence and circumstances of this case and say for yourselves whether or not the condemnees should have minimized such alleged profit loss, and if so, to what extent such should have reasonably and fairly have been done by them if it had been done at all. You may determine that there was no duty at all on the part of condemnees to minimize such alleged loss under the evidence and circumstances of the case. What you find on this issue like other issues in a case is purely for this jury to determine from the evidence and the law of this case."

In support of this enumeration the condemnees rely on the ruling in Division 4 of *State Hwy. Dept. v. Thomas,* 115 Ga. App. 372, 379 (154 SE2d 812). The ruling there made is on the exclusion of evidence offered by the condemnor, and this court, in upholding the exclusion of an opinion as to how the lessee condemnee could minimize damages by leasing other land from the lessor-condemnee, assumed the possible existence of a duty of the lessee-condemnee to minimize damages, and merely expressed doubt respecting the validity of this assumption.

Despite the suggestion in the *Thomas* case, supra, of the absence of any duty of a condemnee to minimize damages, the basic principle that an injured party is under an obligation to take reasonable steps to minimize damages is firmly established as the law of this State in respect to contract and tort actions. See *Code* §§ 20-1410, 105-2014. Viewed in this light the instructions given, by allowing the jury to determine whether the condemnees had a duty to minimize damages, were actually more favorable to the condemnee than what we regard as the true rule, and therefore not harmful.

In reaching the conclusion that the condemnee is under a duty

to take reasonable steps to minimize damages, however, we recognize that, under the procedures generally in effect in this State, the burden of proving what is just and adequate compensation by a preponderance of the evidence is on the condemnor, and that the condemnee is under no obligation to show that he took reasonable steps to minimize his damages, except to negate the proof of the condemnor, or to the extent that he may affirmatively and voluntarily inject the issue to support a claim for additional compensation, by purporting to show that losses occurred, and that he took reasonable steps to avoid the losses.

4. The sixth enumeration is based on the ruling of the court allowing counsel for the condemnor to cross examine one of the condemnees on the sources of his income.

The financial statements for the businesses at the condemned location disclose a continued increase in profits from $13,308.11 in 1963 to $20,702 in 1966. On direct examination the condemnee testified as follows: "Q. I'll ask you, Mr. Garber, what was the value to you and Mrs. Klenberg of the leasehold interest and right to continue this business for six and-a-half years from April 10, 1967? A. My judgment is I would take a figure of twenty thousand dollars and times it by six and-a-half years, and then reduce it by taxes, by what taxes I would pay on that amount, and I believe that would be a fair and just amount. Q. And can you state what the fugure would be after making allowance for taxes? A. After allowing for taxes, in the neighborhood of a hundred thousand dollars."

In ruling on objections to the attempt of counsel for the condemnor to probe further into the meaning of this testimony on cross examination, the court stated: "I think the jury is entitled to know his contentions. He's asked the jury to award him twenty thousand dollars for six and-a-half years less income taxes. I say as lawyer for condemnor, you're entitled to find out what he means by income taxes. You're entitled to a thorough and sifting cross examination."

We think under the circumstances here shown the condemnor was entitled to explore thoroughly on cross examination any financial data relevant to the manner in which this lessee-condemnee arrived at his estimate of $100,000 as the value of the

leasehold and the loss of the right to continue in business. In this connection see *Bowers v. Fulton County,* 122 Ga. App. 45 (11) (176 SE2d 219).

5. The evidence of what would constitute just and adequate compensation ranges from a low of $6,500 for the leasehold, with no allowance for loss of profits, to the estimate of one of the condemnees of about $100,000. The condemnees were afforded ample opportunity to explore thoroughly the nature and extent of any business loss, and whether any loss in this respect could be avoided. Nothing appears to warrant a conclusion that the verdict, which is well within the range of the evidence, is the result of bias or mistake, and therefore inadequate as a matter of law. The verdict and judgment is authorized by the evidence, and no error appears for any other reason argued and insisted upon.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*