62233. THEO et al. v. DEPARTMENT OF TRANSPORTATION.

BANKE, Judge.

This condemnation action was initiated by declaration of taking pursuant to Code Ann. § 95-601 et seq. The department took for highway improvement purposes approximately 2.9 percent (or 2,158 square feet) of a 1.7-acre tract developed as a shopping center. The jury returned a verdict for the condemnees in the amount of $4,484,

which was somewhat less than the amount which the department had paid into the registry of the court. In this appeal by three of the condemnees, 30 alleged errors are enumerated. *Held:*

1. The department has moved to dismiss the appeal, alleging that one of the original condemnees, who did not file a notice of appeal from the declaration of taking and who is not a party to this appeal, has pending below an application to be paid her portion of the amount originally paid into the registry of the court by the department. Because of this, and because there is no final judgment directing an allocation and distribution of the amount awarded by the jury, the department contends that the case is still pending below. However, since there are no substantive issues remaining to be litigated in the case, we conclude that the judgment denying the appellants' motion for new trial is final within the meaning of Code Ann. § 6-701 (a) (1). The motion to dismiss is accordingly denied. Accord *Herring v. Herring,* 143 Ga. App. 286 (1) (238 SE2d 240) (1977).

2. The verdict was within the range of the evidence, and the attacks on the sufficiency of the evidence are without merit.

3. Appellants contended at trial that the elevation of the level of the highway in front of their remaining property made access more difficult and thus lessened its value as a shopping center. In alleged support of this contention, they sought to introduce four photographs taken of the roadway and adjacent property during the construction process. The trial court properly excluded these photos on the basis of the well-established rule that "damages caused by mere temporary inconvenience due to the construction of the project for which the property was taken is not a proper element for consideration in determining just and adequate compensation for condemned realty." *Southwire Co. v. D. O. T.,* 147 Ga. App. 606, 610 (4) (249 SE2d 650) (1978), quoting *D. O. T. v. Dent,* 142 Ga. App. 94 (1) (235 SE2d 610) (1977). We reject the appellants' argument that the photos "show the extent to which the property in the easement area was changed and the grade raised, resulting in an interference with access." What they show primarily is interference caused by the construction process; and other photos introduced into evidence, which were taken after completion of the construction, were adequate to illustrate the point the appellants contend that they were trying to make.

4. The court erred in charging the jury that they could reduce the amount of consequential damages to the remainder by the amount of special consequential benefits, as there was no evidence from which the jury could have formed a reasonable estimate of the amount or value of such benefits. See *Andrus v. State Hwy. Dept.,* 93

Ga. App. 827 (3) (93 SE2d 174) (1956). The department argues that such evidence was provided by the testimony of its appraiser that the property was worth $196,000 before the taking, combined with testimony from the appellant's appraiser that the remainder was worth $198,500 after the taking. However, in view of the fact that both these witnesses testified that the value of the remainder was less than the value of the original parcel prior to the taking, we consider this argument somewhat less than compelling. We also reject the department's contention that there was evidence from which the jury could have found a specific increase in rental values resulting from the improvements. The charge on special consequential benefits must thus be considered reversible error. See *Andrus v. State Hwy. Dept.,* supra.

5. The judge did not err in charging the jury that a condemnee cannot recover for mere inconvenience in the use of his property resulting from the condemnation, except insofar as such inconvenience is shown to affect the value of the remaining property as an item of consequential damages. See *Southwire Co. v. D. O. T.,* supra, at 610 (4). The charge was a correct statement of law and could not have harmed the appellants, particularly, if, as they allege, they were not seeking damages for such inconvenience.

6. The appellants will not be heard to complain of the court's charge that the jury could not consider such general benefits to the remainder as increased general prosperity, beautification of the neighborhood, or benefits to through traffic, since this charge was favorable to them.

7. The court did not err in charging the jury that although the condemnees were entitled to compensation for any deprivation of access, they were not entitled to access at all points on the boundary between the property and the street, if the entire access was not cut off, and if they were offered a convenient access to the property and the improvements thereon. See *Brock v. D. O. T.,* 151 Ga. App. 905 (1) (262 SE2d 156) (1979).

8. The appellants contend that the trial court erred in charging the jury that in order to consider the "peculiar value" of the property taken, they must find that "its advantages to [the owner] are more or less exclusive, and would not be likely to apply to another owner." The department points out, in defense of the charge, that it was taken directly from the Suggested Pattern Jury Instructions prepared by the Council of Superior Court Judges of Georgia, at p. 58, and that it is supported by language in *City of Gainesville v. Chambers,* 118 Ga. App. 25, 27 (162 SE2d 460) (1968).

We agree with the appellants that the charge may have been misleading as applied to the facts of this case. In *Housing Auth. of*

*Atlanta v. Sou. R. Co.,* 245 Ga. 229, 230 (264 SE2d 174) (1980), our Supreme Court ruled that "unique property is simply property which must be valued by something other than the fair market value standard," such as, for example, the cost-less-depreciation or the income methods. In other words, the element of uniqueness relates primarily to the characteristics and location of the land, viewed in conjunction with the use to which it is being put, rather than to the characteristics of the owner. However, the appellants in this case were not entitled to a charge on uniqueness in any event. The property was being used as part of a shopping center parking lot, and the shopping center continued to operate after the taking. If its rental value decreased as a result of the taking, this could be considered in assessing the consequential damages to the remainder, but any unique value which the location might have for use as a shopping center was irrelevant to the valuation of the land actually taken. Accord *D. O. T. v. Dixie Hwy. Bottle Shop,* 245 Ga. 314, 315 (265 SE2d 10) (1980). Thus, the alleged error in the wording of the charge given was harmless to the appellants.

9. The appellants enumerate as error the court's refusal to give 11 requested charges. We have examined these charges and have concluded that they contain nothing of substance which was not adequately covered in the charge given by the court. Furthermore, many of the requested charges were argumentative or contained language which was confusing or repetitive. We find no error in the court's refusal to give any of them.

10. We have examined the remaining enumerations of error and have determined them to be without merit.

*Judgment reversed. Deen, P. J., concurs. Carley , J., concurs in the judgment only.*

DECIDED NOVEMBER 12, 1981 —
REHEARING DENIED NOVEMBER 30, 1981 —

*George P. Dillard,* for appellants.
*Jay Bennett, Arthur K. Bolton, Attorney General, Marion O. Gordon, Senior Assistant Attorney General,* for appellee.