64650. GARDNER et al. v. DEPARTMENT OF TRANSPORTATION.

SOGNIER, Judge.

Gardner appeals from the trial court's denial of his motion for new trial following a jury verdict in a condemnation action awarding him compensation for the taking of .02 acres of land and a temporary construction easement.

1. Appellant contends that the trial court erred in charging that consequential damages to the remainder of appellant's property could be reduced by the amount of special consequential benefits, when there was no evidence of consequential benefits. Appellant's reliance on *Theo v. Dept. of Transp.,* 160 Ga. App. 518 (4) (287 SE2d 333) (1981) is misplaced for the same reasons as were stated in our recent controlling case *German v. Dept. of Transp.,* 162 Ga. App. 785 (293 SE2d 50) (1982). "[Appellant has] not shown whether or how [he was] harmed by the irrelevant instruction, nor do we find that the jury could have been misled thereby . . . ' "An inappropriate charge,

unless harmful, is not ground for a new trial." [Cits.]' [Cit.]" *German,* supra.

Appellant also contends that the trial court erred in failing to give his requested charge concerning consequential benefits. Notwithstanding the inappropriate charge that the trial court gave, any instruction on the issue of consequential benefits was not authorized by the evidence, and there was no error in failing to give the requested charge. See generally *Downs v. Powell,* 215 Ga. 62, 64 (3) (108 SE2d 715) (1959); *Travelers Indem. Co. v. Cumbie,* 128 Ga. App. 723, 726 (4) (197 SE2d 783) (1973).

2. Appellant next contends that the trial court erred in charging the jury as follows: "Property that is taken refers to whatever interest in the property is being taken by the condemnor, *whether it is the entire ownership, such as in this case, or the right to use it for a special purpose, which you are not concerned with."* (Emphasis supplied.) Appellant argues that the charge erroneously instructs the jury that it need not consider the taking of the temporary construction easement in determining the amount of compensation. However, since appellant did not object to the charge before the jury returned its verdict, this court may not consider the purported error unless it was "substantial" and "harmful as a matter of law . . ." Code Ann. § 70-207 (c) (now OCGA § 5-5-24 (c)). See *Bryant v. Housing Auth.,* 121 Ga. App. 32 (2) (172 SE2d 439) (1970).

Although the charge contained an inaccuracy, it nevertheless did not *expressly* direct the jury not to consider the taking of the easement; nor was the term "easement," used in the charge. In fact, no charge was given, nor one requested, specifically addressing the subject of easements. We cannot say that the error complained of was "blatantly apparent and prejudicial" or that "a gross miscarriage of justice" resulted from it so as to bring it within the exception stated in Code Ann. § 70-207 (c). *Bryant,* supra; *Newcomb v. Pattillo,* 119 Ga. App. 495, 497-498 (167 SE2d 665) (1969). Appellant's contention that the error requires a new trial is without merit. *Robertson v. Ga. Power Co.,* 128 Ga. App. 740 (197 SE2d 924) (1973).

3. Appellant finally contends that the trial court erred in its charges on consequential damages and in its failure to give appellant's requested charges on consequential damages. Appellant's contention that the trial court failed to define consequential damages is unfounded. However, we agree with the contention that the trial court erred in failing to provide the jury with any method or means of determining consequential damages to the remainder and we reverse.

"The proper measure of consequential damages to the remainder is the diminution, if any, in the market value of the

remainder in its circumstance just prior to the time of the taking compared with its market value in its new circumstance just after the time of the taking. [Cits.]" *Wright v. MARTA,* 248 Ga. 372, 376 (283 SE2d 466) (1981). The trial court instructed the jury that consequential damages are "damages to the property the defendant has left after part of his property is taken or used . . ." However, there was no instruction on how the amount of consequential damages is to be determined, although such a charge was requested.

The condemnor's expert witness on value, who gave the opinion that there were no consequential damages to the remainder, testified that the total just compensation for the taking and the easement was $1,650. Appellant's expert witness testified that consequential damages were $18,100, based primarily upon the depreciated value of a building on the remainder rendered valueless by the taking, and that the total amount of compensation due was $20,800. The jury returned a verdict of $2,025.

We can only speculate as to whether the jury considered and rejected the claim for consequential damages. However, in the absence of any instruction to the jury on how such damages should be figured, the verdict does not assure us that the failure to give the instruction was not harmful error. Cf. *McCrea v. Ga. Power Co.,* 46 Ga. App. 276, 277 (2) (167 SE 540) (1932).

"It is error for the court to fail to instruct the jury on the measure of damages claimed . . . [Cits.]" *Globe Motors v. Noonan,* 106 Ga. App. 486, 489 (6) (127 SE2d 320) (1962). The trial court erred in failing to give the requested charge or any other instruction on the measure of consequential damages and the error is one requiring the grant of a new trial. *Towson v. Horn,* 160 Ga. 697 (3) (128 SE 801) (1925); *Mayor & Council v. Harris,* 144 Ga. 102, 103 (2) (86 SE 220) (1915); *Globe Motors,* supra. See also *Southern R. Co. v. Avery,* 94 Ga. App. 878, 881 (3) (96 SE2d 653) (1957).

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

Decided January 18, 1983 —
Rehearing denied February 3, 1983.

*James Garland Peek, J. Corbett Peek, Jr.,* for appellants.
*Michael J. Bowers, Attorney General, Marion O. Gordon, Senior Assistant Attorney General, William C. Joy, Assistant Attorney General,* for appellee.