68741. CONTINENTAL CORPORATION v. DEPARTMENT OF TRANSPORTATION.
68742. DEPARTMENT OF TRANSPORTATION v. AMERICAN DAIRY QUEEN CORPORATION et al.
(324 SE2d 588)

McMURRAY, Chief Judge.

This is a condemnation case. On July 13, 1981, the Department of Transportation (DOT) condemned a strip of land consisting of approximately 4,713 square feet and fronting on Martin Luther King, Jr. Drive. The condemned land was part of a larger tract (consisting of 27,878 square feet) owned by Continental Corporation and leased to the American Dairy Queen Corporation (Dairy Queen) for the purpose of operating a fast food restaurant thereon. The condemnation was for the purpose of widening and improving Martin Luther King, Jr. Drive between I-285 and Hightower. To carry out this purpose, the DOT also condemned approximately 934 square feet for a temporary construction easement. A temporary driveway easement was also obtained. Both temporary easements were condemned only for the time required to complete the "widening and improving" project (which was estimated to take approximately two years).

Located on the tract of land from which said property was condemned was a Dairy Queen Restaurant building. The building comprised approximately 2,100 square feet and was used by Dairy Queen in the operation of its fast food business. However, sometime in 1979, Dairy Queen ceased its fast food operation at the subject location, and the building was thereafter closed and boarded up. At the time of the taking, approximately 1-½ years later, the building remained vacant and, as one witness testified, in a state of deterioration. At this time the condemnees (Continental Corporation, as fee owner and lessor, and Dairy Queen, as lessee) had approximately nine years remaining on a 20-year "Land and Building Lease" at a rental of $1,200 per month. The "Land and Building Lease" provided that if condemnation of a "substantial" part of the premises occurred, the lessee (Dairy Queen) had the option to terminate the lease. As a result of the condemnation in question, Dairy Queen sent to Continental Corporation, by registered mail, a letter giving notice that it intended to exercise its option to terminate when the DOT required possession of the condemned property. Thereafter, Continental Corporation filed,

in the Superior Court of Fulton County, a motion "seeking to have the Court find and declare that the Lease between Continental Corporation and American Dairy Queen Corporation is not subject to termination as the result of this condemnation." The main issue at the hearing on the motion was whether the taking was a "substantial taking" so as to allow Dairy Queen to terminate the lease. The court, after considering the relevant evidence and law, held that under the terms of the lease, the taking was substantial and that as such, Dairy Queen had the right to terminate the lease.

On the day of the trial of the case, the DOT filed a motion in limine to preclude the condemnees from making any reference to the fact that the court had made an earlier ruling in which it determined that the taking by the DOT was a "substantial taking." The motion was denied and the case proceeded to jury trial on the issue of just and adequate compensation (for said property described and taken) to the condemnees. The jury awarded condemnee, Continental Corporation, $80,000 as the just and adequate compensation for the property taken and the trial court entered judgment on the verdict. Thereafter, the DOT filed a motion for new trial, and Continental Corporation filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, as amended. Both motions were denied. In Case No. 68741 Continental Corporation appeals the denial of its motion, whereas in Case No. 68742 the DOT appeals from the denial of its motion. *Held*:

1. The trial court did not err in charging the jury that "[i]n the event the condemnee, Continental Corporation, has any consequential damages as a result of the condemnation, then Continental Corporation is required to mitigate any such consequential damages in any way it can." The consequential damage claim was based on the damage to the Dairy Queen caused by the loss of approximately 12 parking spaces. Condemnee Continental Corporation presented evidence showing that the loss of parking spaces would probably preclude Dairy Queen from putting a similar type store at the subject location since the reduction in the number of parking spaces would reduce its annual gross sales to a point where it would not be financially feasible. However, the DOT presented evidence that the parking problem could be cured and in this respect, submitted the cost of such curative measures. Since the charge was both a correct statement of the law and adjusted to the evidence, it was not error to give it. See *Dept. of Transp. v. Ladson Investments*, 158 Ga. App. 687, 690 (3) (282 SE2d 171). See also *Garber v. Housing Auth. of Atlanta*, 123 Ga. App. 29 (179 SE2d 300).

2. Consequential benefits to remaining lands may be shown as an offset against consequential damages. *Merritt v. Dept. of Transp.*, 147 Ga. App. 316, 317 (1) (248 SE2d 689), reversed on other grounds, 243

Ga. 52 (252 SE2d 508). However, where, as in the case sub judice, there was no evidence from which the jury could have formed a reasonable estimate of the amount or value of such benefits, it is error to charge the jury that they could reduce the amount of consequential damages to the remainder by the amount of special consequential benefits. *Theo v. Dept. of Transp.*, 160 Ga. App. 518, 519 (4) (287 SE2d 333); *Andrus v. State Hwy. Dept.*, 93 Ga. App. 827, 829 (3) (93 SE2d 174). Any verdict in a separate action by Continental Corporation against Dairy Queen based on lease provisions requiring Dairy Queen to maintain the building on the premises and return it in good order and condition upon termination of the lease is not special consequential benefits of the taking but derived entirely from the provisions of the lease of the premises. See in this regard *Williams v. State Hwy. Dept.*, 124 Ga. App. 645, 646 (185 SE2d 616); *Wright v. MARTA*, 248 Ga. 372, 374-375 (283 SE2d 466); *Dept. of Transp. v. Knight*, 143 Ga. App. 748, 750 (4) (240 SE2d 90). Thus, the trial court erred in charging on special consequential benefits and in denying Continental Corporation's alternative motion for a new trial.

3. The DOT contends that "[t]he trial court erred in permitting reference to be made during trial that the court had previously determined that the taking by the Department was a 'substantial taking' under the terms of the lease between condemnee Continental Corporation, lessor, and condemnee American Dairy Queen Corporation, lessee." However, after a careful review of the evidence, we are convinced that the various references in the record, to the court's finding that the subject condemnation constituted a "substantial taking" so as to allow Dairy Queen the right to exercise its option to terminate the lease, was not confusing or misleading to the jury. This is particularly true in view of the fact that the lease of the premises and the order of the trial court holding that the taking constituted a "substantial taking" under the terms of the lease were both introduced into evidence. The sole issue to be determined by the jury was the fair measure of compensation to be paid to the condemnee for the property taken. The fact that the court had previously determined that a substantial portion of the premises had been taken in no way determined the value of the property taken and served only to explain the termination of the lease. This enumeration is without merit.

*Judgment reversed in Case No. 68741. Judgment affirmed in Case No. 68742. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 28, 1984.

*James Garland Peek, J. Corbett Peek, Jr.*, for appellant (case no. 68741).

*E. Hearst Roane, Jr., W. Edward Andrews*, for appellee.

*E. Hearst Roane, Jr.*, for appellant (case no. 68742).

*J. Corbett Peek, Jr., J. Garland Peek, W. Edward Andrews*, for appellees.