72467. DEAN et al. v. OGLETHORPE POWER CORPORATION.
(346 SE2d 906)

SOGNIER, Judge.

Oglethorpe Power Corporation condemned an easement across the property of Joe H. Dean and Louella Dean for a power transmission line. Joe H. Dean died subsequent to the filing of the petition and by stipulation of the parties, his widow, Louella Dean, was substituted as sole condemnee. The jury returned a verdict in favor of condemnee for $10,000 and this appeal ensued.

1. Appellant contends the trial court erred by granting appellee's motion in limine. Appellee moved the trial court to exclude all evidence of damages concerning animals, persons and property incurred "before, during, or after construction of said power line which should properly be subject to a suit for separate damages, if in fact any have occurred." Appellant does not controvert that such evidence of damages from negligent construction would be properly excluded. See *DeKalb County v. Cowan*, 151 Ga. App. 753, 755 (10) (261 SE2d 478) (1979). However, appellant contends that the trial court, by granting the motion in limine, improperly excluded her evidence which showed that erosion, caused by the proper construction of the power line, had resulted in permanent damage affecting the fair market value of the property.

The record is not clear to what extent the trial court's ruling on appellee's motion was meant to apply to appellant's evidence. At the time of the motion the trial court advised appellant to make an offer of proof at the appropriate time. However, no such proffer was made when the trial court sustained appellee's objection to appellant's expert's testimony concerning erosion as one of the items the expert considered in forming his opinion of the damages to appellant's house resulting from the taking. " 'On direct examination, to afford a basis for the assertion of error, it must appear that a pertinent question was asked, that the court ruled out an answer, that a statement was made to the court at the time showing what the answer would be, and that such testimony was material and would have benefited the complaining party.' [Cit.]" *Zohbe v. First Nat. Bank of Cobb County*, 162 Ga. App. 604, 605 (2) (292 SE2d 444) (1982). Because there was no showing by appellant as to what she expected to prove, there is nothing in this regard for us to review on appeal. Id. Furthermore, appellant's witness was subsequently allowed to state the sum he computed for the damages; appellee made no objection to the apparent inclusion of the objectionably computed sum in the expert's total figure. Therefore, because the information sought by appellant from her expert was subsequently admitted, appellant's enumeration presents no reversible error. See *Jackson v. Dept. of Transp.*, 159 Ga. App. 130, 134 (5) (283 SE2d 59) (1981).

2. Appellant's enumeration contending error in the trial court's charge as to consequential damages and benefits in the absence of any evidence of consequential benefits to the remainder property was decided adversely to her in *German v. Dept. of Transp.*, 162 Ga. App. 785 (293 SE2d 50) (1982) and *Gardner v. Dept. of Transp.*, 165 Ga. App. 300 (1) (299 SE2d 741) (1983).

3. Appellant contends the trial court erred by admitting evidence by appellee's expert witness after the close of appellant's case. Appellant argues that the evidence presented was not for the stated purpose of rebuttal but rather for the improper purpose of further emphasizing appellee's case in chief. Our review of the testimony reveals that its major thrust was to rebut facts asserted by appellant's expert witness and we find no abuse of the trial court's discretion in admitting the testimony. See generally *Newman v. Booker & Co.*, 133 Ga. App. 209 (1) (2) (210 SE2d 329) (1974); *Georgia R. & Banking Co. v. Churchill*, 113 Ga. 12 (3) (38 SE 336) (1901).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 27, 1986.

*James Garland Peek, J. Corbett Peek, Jr.*, for appellants.
*Fred D. Bentley, Sr.*, for appellee.