## 76903. BARROW et al. v. CITY OF ATLANTA.
### (373 SE2d 88)

BIRDSONG, Chief Judge.

Appellant, Paul V. Barrow, Jr., a real estate developer, was the owner of unimproved real estate in North Fulton County, located between Old Alabama Road and the Chattahoochee River. The City of Atlanta and Fulton County condemned 6.212 acres of appellant's land for use as a water intake and pumping station, and an access road from Old Alabama Road to the station. The case was referred to a special master who awarded $363,108 for the take. Appellants being dissatisfied with this amount appealed for a jury trial. The jury awarded appellant $243,423 and appellant moved for a new trial. This appeal followed the denial of the motion for a new trial. *Held*:

1. Although 6.212 acres of appellant's land was taken, four acres were located directly on the riverfront and the remaining acreage was used to construct a paved road from Old Alabama Road to the water intake site on the river. The water removed from the river will be pumped through a 60-inch water main to the treatment plant which will be located on the north side of Old Alabama Road. The plant is designed to provide 25-30 million gallons of water per day to that area of North Fulton County, north of the Chattahoochee River and the Sandy Springs district.

The expert real estate appraiser for the City valued the property taken to be worth $209,655, and found no consequential damages to the remainder of the tract. The condemnor also introduced evidence that, because of water shortages in Fulton County during the past two years, and because water for that area was procured from Gwinnett and Cobb County, which gave priority to residents of their own counties, this area will "have an advantage [of] drinking water for this development as a result of this project."

The condemnee's expert real estate appraiser valued the land taken at $205,000 with consequential damages to the remainder in the amount of $375,000, for a total value of the take of $580,000. Barrow testified that because the property taken by the City was in the Chattahoochee River corridor, it came within the jurisdiction of the Atlanta Regional Commission (ARC) and because of the limitation by ARC of the maximum percentage of impervious construction on river land, the paved road to the water intake site and the building constructed thereon severely restricted the amount of construction that could be placed on the remainder of the land. Barrow had participated in real estate developments at Sea Pines, Hilton Head, South Carolina and in Puerto Rico. Land on the waterfront, or even with a water view, was highly prized and valued much more than land not on the waterfront. In Sea Pines, waterfront realty was valued at six times the value of land immediately behind it, and the cost of a townhouse

on the waterfront was valued at $40,000 more than one with just a water view. For this reason, the riverfront property was to be developed with townhouses and the total value of the raw land before the take was $5,151,000. Because of the paved road and the building placed in the condemned realty (impervious construction), the number of houses had to be decreased by 22 net lots, with a resulting loss of value of $674,000. Barrow would have sold the condemned six acres for not less than $500,000 because riverfront property is selling for $125,000 per acre. Barrow eventually sold the entire tract to Fairfield Communities at a contract price of $33,750 per acre.

The jury arrived at a verdict of $243,423, which is more than the condemnor's valuation ($209,655 — with no consequential damages) and less than the condemnee's valuation ($205,000 with $375,000 consequential damages) and Barrow's estimated $674,000. The award was more than the $33,750 per acre for which the condemnee sold the remainder of the land ($33,750 × 6.212 = $209,655).

Barrow complains that the trial court's instruction that the jury "[i]n determining the amount of consequential damages, if any . . . should consider whether the condemnation will benefit the land the owner has left. And if so, reduce the consequential damage by that amount. . . . The benefits which can be set up against consequential damage are what the law calls special benefits or the general benefits. A special benefit would be something which adds to the convenience, accessibility, or usefulness of the property affected by the condemnation. It could benefit the properties of other individuals and still be a special benefit within the meaning of the condemnation law. . . ." He argues this charge permitted the jury to speculate what consequential benefit they were authorized to deduct from the consequential damages to the remainder based solely on the testimony of the condemnor's expert of a benefit to "this development as a result of this project" because of the assurance of water availability rather than water shortages previously experienced. Appellants contend there was no evidence presented to the jury from which they could compute the amount of the reputed benefit.

This court has held: "Consequential benefits to remaining lands may be shown as an offset against consequential damages. [Cit.] However, where, as in the case sub judice, there was no evidence from which the jury could have formed a reasonable estimate of the amount or value of such benefits, it is error to charge the jury that they could reduce the amount of consequential damages to the remainder by the amount of special consequential benefits. [Cits.]" *Continental Corp. v. Dept. of Transp.*, 172 Ga. App. 766 (2) (324 SE2d 588); accord *Theo v. Dept. of Transp.*, 160 Ga. App. 518 (4) (287 SE2d 333); *State Hwy. Dept. v. Rosenfeld*, 120 Ga. App. 439 (2) (170 SE2d 837); *Ball v. State Hwy. Dept.*, 108 Ga. App. 457 (3) (133

SE2d 638); *State Hwy. Dept. v. Grant,* 106 Ga. App. 696, 698 (127 SE2d 920); *Smith v. State Hwy. Dept.,* 105 Ga. App. 245, 246 (124 SE2d 305); *Andrus v. State Hwy. Dept.,* 93 Ga. App. 827, 829 (93 SE2d 174), aff'd 212 Ga. 737, 739 (95 SE2d 781). And if there was no evidence from which it could be argued that there was a benefit to the land, it would be improper to charge the jury on consequential benefits. *Stanfield v. State Hwy. Dept.,* 95 Ga. App. 452 (1) (98 SE2d 40).

We fully recognize the difficulty in assigning any specific value to a benefit to the remainder (as in this benefit resulting from assurance of water), but this burden on the condemnor is no greater than the burden on the condemnee to show the specific amount of damages to the remainder in the form of consequential damages. However, we note in the instant appeal that Barrow offered evidence of the amount of a specific benefit to realty from being on the waterfront, both as to value of raw realty (six times as valuable) and of a residence ($40,000). Hence, the burden placed on a condemnor is not unreasonable since it is the same burden borne by the condemnee as to consequential damages.

This charge is error requiring reversal.

2. We find no error in the refusal of the trial court to give appellant's requested charge regarding "privacy afforded by the location of a riverfront lot or the location itself. . . ." Although the requested charge was condensed from *Macon-Bibb County Water &c. Auth. v. Reynolds,* 165 Ga. App. 348, 350-351 (299 SE2d 594), the charge requested emphasizes the value of "privacy" whereas *Reynolds* emphasized "location." There was an issue as to the value of the four acres taken which were on the Chattahoochee River, but the element of "privacy" was not included in that presentation. The appellant's evidence was directed to the "location." We find the charge was not adjusted to the evidence and it was not error to refuse it in its present format.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 13, 1988.

*Frank Love, Jr.,* for appellants.
*Thomas A. Bowman, Robert L. Zoeckler,* for appellee.