## A89A0453. BOWDEN et al. v. DEPARTMENT OF TRANSPORTATION.

### (380 SE2d 356)

McMURRAY, Presiding Judge.

The Department of Transportation (DOT) brought this condemnation action to acquire a strip of land fronting on Broad Street in Gainesville, Georgia. The land was acquired for the purpose of widening Broad Street. The total acquisition amounted to 1,786 square feet. The DOT appraised the land at $7,150. No issue was made concerning consequential damages or benefits to the remainder.

Condemnees' land was improved with an old house (which had been divided into apartments). Part of the house was situated on the strip of land which the DOT acquired.

The DOT assigned no value to the house. Condemnees' expert appraised the house at $21,000. At trial, the DOT took the position that condemnees could have mitigated damages by moving the house before the date of taking. The house was demolished by the DOT after the taking. To that end, it cross-examined condemnees' witnesses concerning the cost of moving the house. A witness responded that the house could have been moved for $2,000. Condemnees made no objection to that testimony.

At a charge conference, the DOT sought a charge on mitigation of damages. Such a charge was opposed by condemnees who argued that it would put them under too great a burden. Nevertheless, the trial court charged the jury: "[A] condemnee is under a duty to take reasonable steps to minimize his or her damages in accordance with the basic principle that an injured party is always under an obligation to take reasonable steps to minimize his or her damages." Condemnees took exception to the charge, arguing they had no duty to move the house.

The jury awarded condemnees $9,130 as just and adequate compensation for their land taken. Following the denial of their motion for a new trial, condemnees appealed. *Held*:

The DOT concedes that the only issue in cases of this kind is the fair market value of the land on the date of taking. See *State Hwy. Dept. v. Futch*, 109 Ga. App. 741, 742 (2) (137 SE2d 350). After all, a condemnee is not required to mitigate damages unless additional compensation has been put in issue. See *Continental Corp. v. Dept. of Transp.* 172 Ga. App. 766, 767 (1) (324 SE2d 588); *Garber v. Housing Auth. of Atlanta*, 123 Ga. App. 29, 31 (3) (179 SE2d 300). And additional compensation was not sought in this case. Thus, the DOT does not take issue with condemnees' assertion of error. It does insist, however, that the error does not require a reversal. In this regard, the DOT argues that condemnees failed to present the same grounds for reversal in the trial court and on appeal. It also argues that the error

was harmless because the evidence was sufficient to enable the jury to arrive independently at the actual value of the land. These arguments do not withstand scrutiny.

Condemnees insisted in the trial court that the charge was erroneous because they did not have a duty to mitigate damages. They argue the same thing on appeal. Contrary to the DOT's contention, condemnees do not argue on appeal that evidence of mitigation was lacking.

The charge on mitigation of damages was not harmless. It is quite conceivable that condemnees would have been awarded more compensation for the land (and the house) if the jury had not been instructed erroneously concerning mitigation of damages.

*Judgment reversed. Beasley, J., concurs. Carley, C. J., concurs in the judgment only.*

DECIDED MARCH 17, 1989.

*Stewart, Melvin & House, Joe K. Telford,* for appellants.

*John A. Dickerson, Michael J. Bowers, Attorney General,* for appellee.