## A90A0313. STRICKLAND et al. v. DEPARTMENT OF TRANSPORTATION.
### (396 SE2d 21)

McMURRAY, Presiding Judge.

Jimmy Strickland's and Joyce Strickland's home is situated on about a five-acre parcel of land in Atkinson County, Georgia. The Department of Transportation ("DOT") sought to acquire, via condemnation, a little more than a half-acre of the Stricklands' land for use in connection with the expansion of a Georgia highway. The case was tried before a jury and damages were measured at $30,000. This appeal follows the denial of a motion for new trial. *Held*:

1. The Stricklands first contend the trial court erred "by charging the jury on consequential benefits."

" 'Consequential benefits to remaining lands may be shown as an offset against consequential damages. (Cit.) However, where . . . there [is] no evidence from which the jury could [form] a reasonable estimate of the amount or value of such benefits, it is error to charge the jury that they could reduce the amount of consequential damages to the remainder by the amount of special consequential benefits. (Cits.)' *Continental Corp. v. Dept. of Transp.*, 172 Ga. App. 766 (2) (324 SE2d 588); accord *Theo v. Dept. of Transp.*, 160 Ga. App. 518 (4) (287 SE2d 333); *State Hwy. Dept. v. Rosenfeld*, 120 Ga. App. 439 (2) (170 SE2d 837); *Ball v. State Hwy. Dept.*, 108 Ga. App. 457 (3) (133 SE2d 638); *State Hwy. Dept. v. Grant*, 106 Ga. App. 696, 698 (127 SE2d 920); *Smith v. State Hwy. Dept.*, 105 Ga. App. 245, 246 (124 SE2d 305); *Andrus v. State Hwy. Dept.*, 93 Ga. App. 827, 829 (93 SE2d 174), aff'd 212 Ga. 737, 739 (95 SE2d 781). And if there was no evidence from which it could be argued that there was a benefit to the land, it would be improper to charge the jury on consequential benefits. *Stanfield v. State Hwy. Dept.*, 95 Ga. App. 452 (1) (98 SE2d 40)." *Barrow v. City of Atlanta*, 188 Ga. App. 400 (1), 401 (373 SE2d 88).

In the case sub judice, there was absolutely no evidence that their remaining portion of the Stricklands' land was benefited by the taking. Nonetheless, the trial court twice charged the jury on consequential benefits. This was error. However, we find no harm.

"Inaccuracies in a charge which do not mislead or obscure meaning, do not require a new trial. *Evans v. State*, 68 Ga. App. 207 (5) (22 SE2d 618)." *Cauley v. State*, 137 Ga. App. 814, 816 (4) (224 SE2d 794). In the case sub judice, DOT's own expert testified that there were no consequential benefits to the Stricklands' remaining property as a result of the taking and that there was no increase in the value of the remaining property. Consequently, the jury verdict could not possibly have been affected by the erroneous charge since any reduction attributable to consequential benefits would have reduced the Strick-

lands' recovery by "zero." *German v. Dept. of Transp.*, 162 Ga. App. 785, 786 (293 SE2d 50).

2. Next, the Stricklands contend the trial court erred in denying their motion for new trial, arguing that the evidence was insufficient to support the jury's verdict. More specifically, the Stricklands argue that DOT failed to rebut evidence showing consequential damages of $81,100 due to the loss of their property's "unique" value.

"Whether the property is unique is a jury question. *Hinson v. Dept. of Transportation*, 135 Ga. App. 258 (217 SE2d 606) (1975)." *Metropolitan Atlanta &c. Auth. v. Ply-Marts*, 144 Ga. App. 482, 483 (1), 484 (241 SE2d 599). In the case sub judice, there was conflicting evidence as to whether plaintiff's property had a "unique" value. The fact that the jury discounted testimony regarding the "unique" value of the Stricklands' property does not require a new trial. Estimates of the value of the property taken and consequential damages ranged from $14,000 to $100,000. This evidence authorized the jury's $30,000 verdict. *Department of Transp. v. Brooks*, 153 Ga. App. 386, 387 (1) (265 SE2d 610). The trial court did not err in denying the Stricklands' motion for new trial.

3. Finally, the Stricklands contend the trial court erred "by charging the jury that they were required to follow the five step formula of *Gunnels vs. Department of Transportation*, 175 Ga. App. 638 (1985) [sic], and not adjusting the charge so as to give consideration to the fact that this case involves unique damages."

"[I]n order to preserve the right to enumerate error in giving a charge to the jury, a party must object to the charge. The failure to object to the charge constitutes a waiver. *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (2) (309 SE2d 816) (1983)." *T. G. & Y. Stores Co. v. Waters*, 175 Ga. App. 884 (1), 886 (334 SE2d 910). In the case sub judice, the Stricklands did not object to "the five step formula of [*Department of Transp. v. Gunnels*, 175 Ga. App. 632 (1) (334 SE2d 197) (1985)]. . . ." Nonetheless, they contend that there was no waiver because the error was substantial and harmful as a matter of law. See OCGA § 5-5-24 (c). We do not agree.

"To constitute harmful error within the meaning of [OCGA § 5-5-24 (c)], an erroneous charge or failure to charge must result in a gross injustice, such as to raise a question as to whether the appellant has been deprived of a fair trial. See *Nelson v. Miller*, 169 Ga. App. 403, 405 (312 SE2d 867) (1984)." *Hamrick v. Wood*, 175 Ga. App. 67, 68 (2) (332 SE2d 367). We find no such error in the case sub judice. The jury was properly instructed with regard to the extent of recoverable damages, including its authority to consider any "unique feature of the property that has a special or peculiar value other than market value . . ." if the evidence supports such. Consequently, this enumeration presents nothing for review.

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs specially.*

CARLEY, Chief Judge, concurring specially.

I concur fully in Divisions 2 and 3 of the majority opinion. Because we are bound by the holding in *German v. Dept. of Transp.*, 162 Ga. App. 785 (293 SE2d 50) (1982), I must agree that the erroneous charge on consequential benefits does not require reversal in this case. See also *Dean v. Oglethorpe Power Corp.*, 179 Ga. App. 528, 529 (2) (346 SE2d 906) (1986) and *Gardner v. Dept. of Transp.*, 165 Ga. App. 300 (1) (299 SE2d 741) (1983).

DECIDED JUNE 26, 1990 —
REHEARING DENIED JULY 12, 1990 — CERT. APPLIED FOR.

*Hudson & Solomon, James D. Hudson*, for appellants.
*Kopp, Peavey & Conner, Neal L. Conner, Jr., Mary Jane Cardwell, Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General*, for appellee.