**71 So.2d 558**

**Ex parte PERKINS.**

**No. 41246.**

Feb. 15, 1954.

Rehearing Denied March 22, 1954.

John E. Perkins, Baton Rouge, in pro. per.

Alvin B. Rubin, Baton Rouge, for appellee.

FOURNET, Chief Justice.

John E. Perkins addressed a petition to the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge (without joining any parties defendant) in which he alleged he is a resident of Baton Rouge, Louisiana, and although not licensed to practice law in this state is a duly qualified member in good standing of the Mississippi State Bar, seeking a judgment

declaring whether under Section 7 of Act No. 202 of 1932 (termed the "reciprocity" statute) he is entitled, as a member of the Mississippi Bar, to appear before the Nineteenth Judicial District Court (1) as a visiting attorney, (2) alone, or (3) in association with a duly qualified member of the Louisiana State Bar. The Louisiana State Bar Association intervened and filed numerous exceptions which, by agreement, were pretermitted and the case tried on the merits.

The trial judge, in a well considered opinion, in which we fully concur, pointed out that under the pertinent provisions of the Revised Statutes of 1950, into which Act No. 202 of 1932 with its amendments has been incorporated, no one may practice law in this state "who has not been first duly and regularly licensed and admitted to practice law by the supreme court of this state;" LSA–R.S. 37:213, except (1) a visiting attorney duly licensed in another state and temporarily present in Louisiana who is acting in association with a duly licensed Louisiana attorney, such visiting attorney, however (2) being permitted to practice law in Louisiana alone and without associating a Louisiana attorney if he comes from a state that has adopted a rule of reciprocity that permits a duly licensed and qualified Louisiana attorney "to appear alone as an attorney in all courts of record in the other state". LSA–R.S. 37:214. But he concluded that inasmuch as the petitioner, according to his own

allégations and testimony, is now and has been for more than 30 years a resident of Baton Rouge, Louisiana, as well as a qualified voter of that city, he is not a "visiting attorney" within the clear language of the statute and, therefore, not entitled to come under its provisions.

The judgment appealed from is affirmed at appellant's cost.