## 62562. HOUSING AUTHORITY OF THE CITY OF ATLANTA v. CREVANS et al.

McMURRAY, Presiding Judge.

This is a condemnation case. Condemnor being dissatisfied with the compensation awarded the condemnees appeals, enumerating as error the admission of the testimony of condemnees' expert witnesses and the sufficiency of the evidence to support the verdict returned by the jury. *Held:*

1. Condemnees' expert witness Bradford testified that based upon a market value approach the subject property was worth $327,450. However, on cross-examination this witness admitted that some of the sales of property he had utilized in reaching his opinion as to the value of the subject property did not involve comparable properties. Based on the witness' admission of the noncomparability of the properties used in formulating his opinion the condemnor moved to strike his testimony. The trial court was correct in denying the condemnor's motion to strike the testimony of the condemnees' expert as the comparability of the sales upon which an expert value witness bases his opinion goes to the weight to be given his testimony, not its admissibility. *Merritt v. Department of Transportation,* 147 Ga. App. 316, 319 (3) (248 SE2d 689), reversed as to attorney fees, *Department of Transportation v. Merritt,* 243 Ga. 52 (252 SE2d 508). See also *White v. Georgia Power Company,* 237 Ga. 341, 345-348 (3) (227 SE2d 385); *Hollywood Baptist Church of Rome v. State Highway Department,* 114 Ga. App. 98, 100 (4) (150 SE2d 271).

2. As to the testimony of condemnees' expert witness, Anderson, who testified that under a hypothetical income approach he had valued the property at $180,000, the condemnor now argues under the authority of our decision in *State Highway Department v. Howard,* 119 Ga. App. 298, 303 (5) (167 SE2d 177), that Anderson's testimony fell short of showing that his hypothetical use as a parking lot was so reasonably probable as to have an effect on the present market value of the land, and this testimony should have been excluded. This contention by condemnor is raised for the first time on appeal. Although condemnor objected to Anderson's testimony at trial, it was on other grounds, and condemnor did not raise at trial the issue now submitted for the first time on appeal. This court is a court for the correction of errors and may not consider an issue such as this raised for the first time on appeal. *DeBoard v. Schulhofer,* 156 Ga. App. 158, 160 (2) (273 SE2d 907).

3. Condemnor's final enumeration of error contends that the testimony of the condemnee was without probative value, and therefore, the verdict is not supported by the evidence. We note first

that even if the condemnee's testimony be viewed as being without probative value that the condemnee has presented other evidence through his expert witnesses which is sufficient to support the verdict returned by the jury. Furthermore, we note that condemnor's argument is framed in its brief with reference to the contention that the condemnee's valuation was speculative or conjectural in that it involved a future value of the property at a time when improvements upon an adjacent street would be completed. Condemnor made no objection at trial to the testimony of which it now complains as being speculative or conjectural. Since this issue in regard to the alleged speculative nature of this testimony is raised for the first time on appeal we do not consider it. *DeBoard v. Schulhofer,* 156 Ga. App. 158, 160 (2), supra. We find no merit in this complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 27, 1982.

*Lenwood A. Jackson,* for appellant.
*Richard Hubert,* for appellees.