166 Ga. App. 344 (1983)
304 S.E.2d 85
IN RE S. D. S.
65718.
Court of Appeals of Georgia.
Decided April 5, 1983.
Rehearing Denied April 20, 1983.
Peter L. Bagley, William H. Orrick III, Mary R. Carden, for appellant.
Jeffery L. Arnold, for appellee.
DEEN, Presiding Judge.
Dwayne Harold Shedd appeals from an order of the trial court which terminated his parental rights in his minor son and granted the adoption petition of his former wife's husband. The court found that appellant had intentionally, wilfully and wantonly failed for more than four years prior to the filing of the petition for adoption to communicate or make a bona fide effort to communicate with the child. Testimony at the hearing was not recorded. Both parties filed proposed transcripts but are unable to agree as to which transcript accurately reflects what transpired in the court below, and neither has been approved by the trial court. The judge entered an order stating he "cannot remember the hearing with sufficient specificity to decide between the versions of the transcripts of counsel for the parties. Therefore, this order that the trial judge is unable to recall what transpired at the hearing is entered pursuant to OCGA § 5-6-41 (g), Ga. Code Ann. § 6-805 (g)." The court then permitted the proposed transcripts to be filed and become a part of the record for appeal purposes and further ordered that each bear the following notation: "The trial court is unable to recall what transpired at the hearing. This transcript, which differs from the transcript submitted by opposing counsel, is not certified as the correct transcript in the case . . ." The trial court's final order contains the mandatory findings of fact and conclusions of law.
1. Appellant's contention that legal counsel should have been *345 appointed to represent him in the court below because he is indigent is without merit. There is nothing in the record to indicate that he was indigent at the time of the hearing and that he wished to be represented by counsel. (He has, however, filed a pauper's affidavit on appeal.) In the findings of fact portion of the final order, the trial court found that Shedd "appeared pro se and stated that he did not wish to retain an attorney and that he would question witnesses and speak on his own behalf both of which he did do." As the issues of indigency and alleged right to counsel in a termination of parental rights proceeding were not raised in the court below, there is nothing for this court to review on appeal. Housing Auth. of Atlanta v. Crevans, 161 Ga. App. 90 (289 SE2d 294) (1982); Johnson v. State, 160 Ga. App. 590 (287 SE2d 629) (1981).
2. Appellant's next enumeration, wherein he claims that he had a right to be supplied with an adequate and complete transcript in a case in which his parental rights were terminated, is also without merit. As noted in Division 1 above, he did not raise the issue of indigency in the court below and issues not raised in the court below cannot be raised in this court for the first time.
3. As no certified transcript of the evidence has been filed in this case, we find that we are unable to consider appellant's enumeration alleging that the trial court improperly restricted his right of cross-examination of the witnesses and that the evidence did not support the court's finding that he intentionally, wantonly and wilfully failed to communicate or make a bona fide effort to communicate with his son for more than four years. Burns v. Barnes, 154 Ga. App. 802 (270 SE2d 57) (1980).
4. The rule set forth in Santosky v. Kramer, 455 U. S. 745 (102 SC 1388, 71 LE2d 599) (1982); Blackburn v. Blackburn, 249 Ga. 689 (292 SE2d 821) (1982); Carvalho v. Lewis, 247 Ga. 94 (274 SE2d 471) (1981) requires the trial court to find "clear and convincing" evidence of a parent's unfitness prior to terminating a parent's rights in his child. Here, the court found that the father intentionally, wantonly and wilfully failed to communicate with his child or make any attempt to do so for more than four years. OCGA § 19-8-6 (Code Ann. § 74-405) provides that parental rights do not have to be terminated prior to the filing of a petition for adoption which is filed pursuant to OCGA § 19-8-3 (Code Ann. § 74-403) "in the case of a parent who has failed significantly, for a period of one year or longer immediately prior to filing of a petition for adoption, (1) to communicate with the child . . ." As pointed out in In re S. B. P., 164 Ga. App. 50 (296 SE2d 236) (1982), the present code section does not require proof of wanton and wilful failure of the codal requirements. Nevertheless, we note that Santosky v. Kramer, supra, 455 U. S. 745 lists Georgia as one of *346 the states requiring "clear and convincing" evidence to terminate parental rights. In the absence of evidence to the contrary, it is presumed that public officials, including judges, properly discharge their duties. Bank of Clearwater v. Kimbrel, 240 Ga. 570 (242 SE2d 16) (1978). Therefore, we must presume that the trial court applied the correct standard in the present case.
Judgment affirmed. Banke and Carley, JJ., concur.