## A89A1955. BROWN et al. v. DEPARTMENT OF TRANSPORTATION.

(391 SE2d 32)

McMurray, Presiding Judge.

Dissatisfied with the verdict and judgment in this eminent domain proceeding, condemnees appealed. *Held*:

1. Condemnees contend (1) the trial court improperly commented upon the evidence upon numerous occasions in violation of OCGA § 9-10-7 and (2) improperly inserted an irrelevant matter into the case by interrupting a witness to ask a question about the taxability of a condemnation award. We cannot consider this contention because no objection along these lines was raised during trial. *Pulliam v. State*, 196 Ga. 782, 789-791 (6) (28 SE2d 139); *Mitchell v. Gay*, 111 Ga. App. 867, 874 (8) (143 SE2d 568); *Freedman v. Housing Auth. of Atlanta*, 108 Ga. App. 418 (1a) (136 SE2d 544). Enumerations of Error Nos. 2 and 5 are without merit.

2. We need not consider the enumeration of error which complains that the trial court failed to properly charge the jury on business loss damages. Condemnees did not object to the charge on that ground and thereby waived appellate consideration of the trial court's business loss charge. *Department of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 543 (2) (309 SE2d 816).

Likewise, condemnees did not object when, during colloquy, the trial court defined the term "unique" as "one-of-a-kind." In fact, counsel for condemnees agreed with the court's off-the-cuff definition. Thus, condemnees will not now be permitted to complain that the trial court's definition of the term "unique" was incomplete. "A party cannot ignore during a trial that which he thinks to be error or an injustice and take his chances on a favorable verdict and then complain later. [Cits.]" *Simmons v. Edge*, 155 Ga. App. 6, 8 (270 SE2d 457).

Finally, we will not hear condemnees complain that the trial court refused to permit condemnees' expert to refer to the property in question as "unique." Whether the property was "unique" was a question to be decided by the jury. *Department of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10). Besides, the expert was permitted to use words and phrases which conveyed, essentially, the same concept as the word "unique." Thus, condemnees were able to elicit the testimony which they desired and we find no error. *Jackson v. Dept. of Transp.*, 159 Ga. App. 130, 134 (5) (283 SE2d 59). Enumerations of Error Nos. 3 and 4 are without merit.

3. In their sixth enumeration of error, condemnees assert the trial court erred in charging the jury that the testimony of a party is to be construed against him. In this regard, condemnees argue that the charge is inapplicable unless the party offers himself as a witness and,

they insist, one of the condemnees, George R. Brown, did not offer himself as a witness — on the contrary, he was called as a witness by the condemnor for rebuttal. (Another condemnee, however, Antoine J. Saraf, did offer himself as a witness.) We will not address this argument because it was not raised in the trial court. Rather, in their objection to the charge, condemnees simply argued that the charge was directed solely at them because the condemnor did not call a party to testify on its own behalf. "Review of a charge on appeal is limited strictly to the grounds of objection stated at the trial. [Cit.]" *Revbar Corp. v. Marthaler*, 180 Ga. App. 559, 560 (1) (349 SE2d 795).

4. Condemnees assert the trial court erred in refusing to charge the jury that "the mere fact that it might have been possible to relocate the facilities of the Old South Bottle Shop, Inc., on other property is wholly insufficient to establish or prove that the condemnee, Old South Bottle Shop, could in fact have minimized its damages by any such course of conduct." We find no error in the refusal to give the requested charge because it was not adjusted to the evidence in this case. In the case sub judice, unlike *State Hwy. Dept. v. Thomas*, 115 Ga. App. 372, 379 (4) (154 SE2d 812), from which the requested charge was derived, there was an affirmative showing (not mere speculation) that condemnees could have leased other land for the purpose of relocating their business. The seventh enumeration of error is without merit.

5. The trial court did not err in denying condemnees' motion for a new trial. Enumeration of Error No. 1 is not meritorious.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 14, 1990.

*Peek & Whaley, J. Corbett Peek, Jr., James Garland Peek*, for appellants.

*Howell & Whiting, James S. S. Howell, John C. Whiting*, for appellee.