A91A2140. CSX TRANSPORTATION, INC. v. McCORD.
(414 SE2d 508)

McMURRAY, Presiding Judge.

This is a Federal Employers' Liability Act (FELA) case. Plaintiff McCord was employed by defendant CSX Transportation, Inc., when he suffered three on-the-job injuries for which he seeks to recover damages in the case sub judice. Two of the injuries occurred when plaintiff attempted to operate railroad switches and the third was sustained when he ran to catch railway cars which rolled away unexpect-

edly. Defendant appeals following a jury verdict and judgment in favor of plaintiff for $462,625, plus interest and costs. *Held*:

1. Defendant's first enumeration of error complains of the trial court's refusal to strike hearsay portions of plaintiff's hospital record and admission into evidence of the entire hospital record. "Where a document offered into evidence is admissible in part and inadmissible in part, and objection is made to the document as a whole, it is not error to admit the whole document." *Stubbs v. Daughtry*, 115 Ga. App. 22 (1) (153 SE2d 633). At trial, defense counsel insisted on the removal of hearsay material from the hospital record stating first that he had not read the document but that "medical records always have lots of hearsay. . . ." After a brief examination of the exhibit, defense counsel "noted the nurse's notes and the doctor's notes both contain some hearsay material that I think needs to be taken out." Defense counsel failed to provide a more specific objection and upon review of the record we find that plaintiff's hospital record contains numerous notes of various nurses and doctors, so that we are unable to determine which contains the alleged hearsay material to which defense counsel was referring at trial. It follows that defense counsel's failure to adequately preserve this issue on the record by specific statement of the grounds of his objection results in a waiver. Nor may defendant remedy this deficiency through its brief on appeal.

2. Defendant's second and third enumerations of error complain that there was no evidence authorizing the trial court's charge to the jury concerning the automatic coupler provisions of the Safety Appliance Act, 45 USC § 2. In order for this statute to become applicable, plaintiff was obligated to prove that the train couplers failed to function automatically on impact or that rail cars, once coupled, failed to remain attached until purposely released. *O'Donnell v. Elgin, Joliet & Eastern R. Co.*, 338 U. S. 384, 389 (70 SC 200, 94 LE 187).

Plaintiff's third injury occurred while he, along with others were forming a train. When an attempt was made to pull a cut of 25 rail cars which appeared to be coupled from Stand Pipe track, the cars separated and plaintiff mounted a car which was rolling and tried to stop the loose cars by use of a handbrake. Afterwards, plaintiff began to get stiff in his back and arms, and experienced severe pain in his lower back.

The rail cars involved in this alleged injury of plaintiff were placed in the Stand Pipe track by others who did not testify at trial. Plaintiff testified that the rail cars appeared to be coupled because the air hoses were coupled. Other witnesses testified that when air hoses are coupled the cars are presumed to be coupled since the practice upon the railway is to test that the cars are coupled before air hoses are attached. The rules of the defendant railroad required that the cars be coupled before the air hoses were attached. Thus, when

rail cars with air hoses attached, separate when pulled such indicates a malfunction of the coupler. The jury was authorized to reject the conflicting testimony that air hoses were sometimes attached where rail cars had not been coupled and conclude that the attached air hoses were sufficient circumstantial evidence that the rail cars in question had been properly coupled so that the separation of a number of cars when pulled indicated a defective coupler. There being some evidence authorizing the charge on automatic couplers, the trial court did not err in presenting this issue to the jury. *Hannula v. Ramey*, 177 Ga. App. 512, 513 (2) (339 SE2d 735).

Defendant's sole objection to the charge at issue was that it was not authorized by the evidence. Therefore, no issue as to the wording of the charge was preserved for appeal. *Brown v. Dept. of Transp.*, 194 Ga. App. 530 (3), 531 (391 SE2d 32).

Nor do we find merit in defendant's contention that plaintiff's injuries were too remote to attribute to any violation of the Safety Appliance Act. Causation is generally a matter for the jury. In the case sub judice, there is evidence that rail cars were set in motion due to a faulty coupler and that plaintiff was injured while attempting to halt the rolling rail cars so as to protect defendant's property and the safety of plaintiff's co-workers. The jury was instructed on plaintiff's burden of proof and duty to prove proximate cause. These enumerations of error are without merit.

3. In its fourth enumeration, defendant contends that the trial court erred in specially admitting plaintiff's Alabama licensed attorney, Burge, to represent him in this case. Rule 1-203 of the State Bar of Georgia provides that a licensed attorney in good standing from another state may appear in the courts of Georgia "in isolated cases." Defendant presented evidence that Burge was involved in no fewer than ten pending FELA cases in various Georgia courts and that in most of these instances Burge had been admitted, pro hac vice, or a motion pursuant to Rule 4.4 of the Uniform Rules for the Superior Courts was pending. Defendant argues that this level of activity exceeds that intended to be permitted under Rule 1-203 of the State Bar of Georgia and amounts to the unlawful practice of law in Georgia.

Whether an attorney licensed in another state will be permitted to appear in a specific case in the courts of Georgia is generally a matter for the discretion for the trial court in the absence of abuse. *Pence v. Seaboard Coast Line R. Co.*, 128 Ga. App. 161 (196 SE2d 182). In the case sub judice, the activities of the out-of-state attorney in Georgia appear to be limited to cases within a narrow specialty in which he has a genuine expertise and there is no indication that he is involved in using our provision for pro hac vice appearances to circumvent our licensing requirements or conduct a general practice of

law. In *West Virginia ex rel. H. K. Porter Co. v. White*, 386 SE2d 25, the West Virginia Supreme Court construed a rule governing pro hac vice admissions similar to those applicable here and including a provision prohibiting "numerous or frequent" appearances. The West Virginia Supreme Court held that under circumstances substantially similar to those here, the "numerous or frequent" appearances language would not be interpreted to reject the pro hac vice application of an otherwise qualified attorney. This case appears to be representative of the general view on this issue. See 61 ALR3d 264 and 20 ALR4th 855. We find no abuse in the trial court's special admission of Burge to represent plaintiff in the case sub judice.

4. In the fifth enumeration of error, defendant contends that a charge given the jury predicated on 45 USC § 54, that plaintiff did not assume the risks of his employment, was misleading or an erroneous statement of the law in that a portion of the statutory language requiring defendant's negligence was omitted. However, there was no objection to the jury charge preserving the issue now argued by defendant. Defendant's only objection at trial to the charge at issue was that it was not adjusted to the evidence. On appeal, any review of a jury charge is limited to the grounds of objection stated at trial. *Brown v. Dept. of Transp.*, 194 Ga. App. 530 (3), 531, supra.

5. One of plaintiff's injuries allegedly occurred due to rock or gravel which had leaked from a hopper type rail car and interfered with the functioning of a railroad switch. Plaintiff was allowed to introduce into evidence, over defendant's objection, photographs which illustrated piles of rock such as plaintiff had testified had leaked from defendant's hopper cars. Defendant objected on the basis that the photographs do not show the switch in question or rock on the switch in question, and defendant's sixth enumeration of error complains of the admission of the photographs.

" 'Photographs, diagrams, maps, plans, and similar items are generally admissible, when relevant, to describe a person, place, or thing, for the purpose of explaining and applying the evidence and assisting the court and jury in understanding the case.' [Cit.]" *Powell v. State*, 105 Ga. App. 614, 615 (2) (125 SE2d 531). "The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be controlled unless abused. *McKinney v. Pitts*, 109 Ga. App. 866 (4) (137 SE2d 571). And see *Toler v. State*, 213 Ga. 12 (2) (96 SE2d 593); *City of Thomasville v. Crowell*, 22 Ga. App. 383 (4) (96 SE 335)." *Grasham v. Southern R. Co.*, 111 Ga. App. 158, 161 (6) (141 SE2d 189). Just as we found no abuse of discretion upon the admission into evidence of a photograph of a similar truck in *McKinney v. Pitts*, 109 Ga. App. 866 (4), supra, we find no abuse of discretion in the case sub judice in admitting the

photographs of similar deposits of rock from leaking hopper cars, such evidence being relevant to aid the jury in understanding the manner in which plaintiff was injured.

6. Defendant enumerates as error the trial court's refusal to give its requested charge on the theory of accident. Following the decision of this court in *Chadwick v. Miller*, 169 Ga. App. 338, 339 (1) (312 SE2d 835) "[t]he defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable*. Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error. [Cits.]" Id. at 344.

Pretermitting any questions as to whether there was evidence authorizing a charge on accident, we find this enumeration of error to be without merit. At the charge conference, defense counsel agreed to strike a portion of the requested charge since the substance of the language removed was contained in other portions of the charge. Defense counsel also suggested a change which removed the word "accident" from the portion which was given in the charge to the jury. The only ruling the trial court was required to make concerning this request to charge was to strike a sentence, "[a]ccidents frequently occur through no one's fault," which was clearly argumentative and a comment on the evidence. Even as to the stricken sentence, defense counsel offered to remove the reference to "accidents," but plaintiff's counsel insisted on his objection for reasons other than the reference to the theory of accident. The defendant's post charge objection to the trial court's "failure to give in its entirety Defendant's Request Number 7" was without merit. If any portion of a request is incorrect, denial of the request is proper. *Pitts v. Bode*, 198 Ga. App. 787, 788 (3) (403 SE2d 66).

7. Defendant's final enumeration of error complains of the trial court's refusal to give its requested charge number 14. This charge states that plaintiff "was under a duty to observe obvious and apparent conditions. Every person owes to himself the duty to see what is plainly to be seen by the ordinary use of his or her senses and, if clearly visible, it is deemed, in law, to have been seen.

"The law presumes that a person possessing the normal faculty of sight must have seen that which was within the range of his sight."

Defendant contends that this charge is approved by the decision in *Meyers v. Union Pacific R. Co.*, 738 F2d 328. Plaintiff contends that the charge at issue is distinguishable from that approved in *Meyers*, that the charge is an attempt to inject assumption of the risk into the case, and would create a legal presumption that an injured railroad employee saw every dangerous condition thus making him an insurer of his safety.

While perhaps not particularly well drafted, we view the sub-

stance of the charge at issue to be little different in substance than that approved in *Meyers* and find no merit in the contentions that it would inject unstated and improper issues into the case. However, such does not alone establish that the refusal to give the requested charge was error. The jury was repeatedly charged that plaintiff was under a duty to exercise reasonable care for his own safety and the charge in question is no more than a specific application of this principle. Thus, since the principle embodied in the charge at issue was substantially covered by the trial court's charge, there was no harmful error in the trial court's refusal to give in charge the precise language requested. *Smoky, Inc. v. McCray*, 196 Ga. App. 650, 652 (5), 653 (396 SE2d 794); *Wilmock, Inc. v. French*, 185 Ga. App. 259, 262 (4) (363 SE2d 789).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED DECEMBER 5, 1991 —
RECONSIDERATION DENIED DECEMBER 19, 1991 —

*Fulcher, Hagler, Reed, Hanks & Harper, James W. Purcell*, for appellant.

*Burge & Wettermark, Michael J. Warshauer, Dunaway & Wallace, Roger W. Dunaway, Jr.*, for appellee.