## A93A0384. DEPARTMENT OF TRANSPORTATION v. BALLARD et al.
### (430 SE2d 848)

JOHNSON, Judge.

Jeanette and Jerry Ballard own land adjacent to a by-pass constructed by the Department of Transportation. The Ballards filed an inverse condemnation complaint against the DOT alleging that the value of their property was diminished by flooding caused by the DOT construction. The jury returned a $30,000 verdict in favor of the Ballards. The DOT appeals from the judgment entered on the verdict.

1. The DOT contends that the trial court erred in denying its motion to strike opinion testimony of an expert witness as to the value of the Ballards' property before the by-pass construction because his opinion was based on the sale value of other property not comparable to the Ballards' land. The comparability of the other

property is a matter going to the weight of the expert's testimony, not its admissibility. *Jordan v. Dept. of Transp.*, 178 Ga. App. 133, 134 (2) (342 SE2d 482) (1986); *Housing Auth. of Atlanta v. Crevans*, 161 Ga. App. 90 (1) (289 SE2d 294) (1982); *DeKalb County v. Cowan*, 151 Ga. App. 753, 754 (4) (261 SE2d 478) (1979). The court did not err in denying the DOT's motion to strike.

2. The DOT argues that the court erred in denying its motion for a new trial on the ground that the verdict was excessive. This argument is premised on the DOT's contention, addressed in Division 1, that the court erred in denying its motion to strike the testimony of the expert as to the value of the Ballards' property prior to the by-pass construction. Because of our ruling in Division 1, this argument is without merit. As the jury's verdict was supported by some evidence, the court did not err in denying the DOT's motion for a new trial on this ground. See generally *Rodriguez v. Davis*, 202 Ga. App. 550, 551 (3) (415 SE2d 41) (1992).

3. The DOT claims that the court erred in admitting into evidence two photographs depicting the by-pass construction. The DOT relies on our holding in *Theo v. Dept. of Transp.*, 160 Ga. App. 518, 519 (3) (287 SE2d 333) (1981), that the trial court properly excluded photographs because " 'damages caused by mere temporary inconvenience due to the construction of the project for which the property was taken is not a proper element for consideration in determining just and adequate compensation for condemned realty.' [Cits.]" The DOT's reliance on *Theo* is misplaced because the photographs in the instant case were not admitted as evidence of damages caused by temporary inconvenience due to the construction. Rather, the photographs were admitted to show that increased elevation of the by-pass construction site caused flooding of the Ballards' adjacent property. "Photographs . . . are generally admissible, when relevant, to describe a person, place, or thing, for the purpose of explaining and applying the evidence and assisting the court and jury in understanding the case. The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be controlled unless abused." (Citations and punctuation omitted.) *CSX Transp. v. McCord*, 202 Ga. App. 365, 368 (5) (414 SE2d 508) (1991). Because the trial court did not abuse its discretion in admitting the photographs, its ruling will not be disturbed.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 13, 1993.

*Michael J. Bowers, Attorney General, Shaw, Maddox, Graham, Monk & Boling, Daniel M. Roper*, for appellant.
*Gammon & Anderson, Joseph N. Anderson*, for appellees.