A96A1519. DEPARTMENT OF TRANSPORTATION v. MILLEN et al.
(474 SE2d 687)

McMurray, Presiding Judge.

The Georgia Department of Transportation ("DOT") condemned 1.32 acres of land belonging to condemnees Allen Millen, Jr. and the late Homer A. Millen, Sr. and paid $90,600 into the registry of the court. A special master awarded condemnees a total of $150,944.27 as just and adequate compensation for the land and permanent easements taken and awarded zero consequential damages. Still dissatisfied with this award, condemnee Allen Millen appealed to the superior court, where the issue of just and adequate compensation was tried before a jury.

Over DOT's objections as to relevancy and lack of foundation, the trial court admitted two photographic exhibits depicting drainage ditches with water in them. The trial court also gave immediate limiting instructions to the jury that "[t]he weight and effect and credit of those photographs is solely a matter for the jury to determine. . . . [I]f you find that damage to the property during the course of construction is of a temporary nature, if you find ultimately it's of a temporary nature, then you are to disregard these photographs. If you find on the other hand that what these photographs depict to be of a permanent nature . . ., then you may consider them for whatever

you think they are worth."

The jury returned a verdict awarding $165,000. From the judgment entered on the jury's verdict for just and adequate compensation, DOT brings this direct appeal. *Held*:

In two related enumerations of error, DOT contends the trial court erred in admitting these two photographs, arguing that they depict only a temporary inconvenience which is not compensable as a direct taking or as consequential damages to any remainder.

1. "A photograph is authenticated by showing that it is a fair and accurate representation of the scene depicted. *Johnson v. State*, 158 Ga. 192, 198 (2) (123 SE 120) (1924). Any witness who is familiar with the scene depicted can authenticate the photograph; it is not necessary that the witness be the photographer or even that the witness have been present when the photograph was taken. *Toler v. State*, 213 Ga. 12 (3) (96 SE2d 593) (1957)." *Isaacs v. State*, 259 Ga. 717, 732 (26) (386 SE2d 316).

In the case sub judice, condemnees' professional engineer witness, Charles Harold Moss, testified that he took the photographs a "week or ten days . . ." before trial. He affirmed that each exhibit "fairly and accurately reflects the matter depicted in it, . . . [as he] saw from the location [where he was] standing on November 3, 1995." Consequently, the trial court did not err in admitting these exhibits over DOT's objection as to foundation.

2. DOT further enumerates the admission of these photographs over its relevancy objection. DOT argues that these photographs are evidence of a mere inconvenience resulting from the construction process that is not admissible to show consequential damage to the remainder because "there was no evidence showing the portrayed conditions as being permanent or continuous incidents of the improvement for which the property was condemned." We disagree.

" 'In order for [such] factors [as noise, smoke, dust, and water] to be considered as adversely affecting the market value of the remaining property, it must be shown, among other things, that such factors are a continuous and permanent incident of the improvement. . . .' [*State Hwy. Dept. v. Hollywood Baptist Church &c.*, 112 Ga. App. 857, 860 (2) (146 SE2d 570)]. Accord, *State Hwy. Dept. v. Davis*, 129 Ga. App. 142, 144 (199 SE2d 275) (1973)." *MARTA v. Datry*, 235 Ga. 568, 579 (III), 580 (220 SE2d 905). In the case sub judice, DOT's own witness, Bill Moskal, affirmed that the change in grade level after completion of the project was "anywhere from 27 feet down, . . . to 13 or 14 feet and then 5 to 6 feet on [one] side." He also affirmed that, prior to construction of this improvement, "the property was not receiving the volume of water, the velocity of water, . . . through [drainage] pipes and the concentration of water in this area [depicted in the photographs] as it receives now in the [so-called] after condition." Bill

Moskal also affirmed that he was "out there September 23rd, and that the drainage system was functioning appropriately . . . [and] as it's intended to."

Accordingly, there was an adequate evidentiary basis to authorize a jury finding that the conditions depicted in condemnees' photographs of November 3, 1995, were continuous and permanent incidents of the public improvement to the state highway system. "The DOT's reliance on *Theo [v. Dept. of Transp.*, 160 Ga. App. 518, 519 (3) (287 SE2d 333) (physical precedent)] is misplaced because the photographs in the instant case were not admitted as evidence of damages caused by temporary inconvenience due to the construction. Rather, the photographs were admitted to show that increased elevation . . . caused flooding of the [condemnees'] adjacent property. 'Photographs . . . are generally admissible, when relevant, to describe a person, place, or thing, for the purpose of explaining and applying the evidence and assisting the court and the jury in understanding the case. The admission or exclusion of photographs, even when there is admittedly some difference in the situation portrayed and that which existed, is a matter within the discretion of the trial judge and will not be controlled unless abused.' (Citations and punctuation omitted.) *CSX Transp. v. McCord*, 202 Ga. App. 365, 368 (5) (414 SE2d 508) (1991). Because the trial court did not abuse its discretion in admitting the photographs, its ruling will not be disturbed." *Dept. of Transp. v. Ballard*, 208 Ga. App. 474, 475 (3) (430 SE2d 848). Accord *Dept. of Transp. v. Swanson*, 191 Ga. App. 752, 754 (3) (382 SE2d 711).

3. Condemnees' motion for frivolous appeal damages is denied.

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED AUGUST 15, 1996.

*Michael J. Bowers, Attorney General, Zachary & Segraves, Kenneth L. Levy*, for appellant.

*William G. Gainer*, for appellees.

