| PATRICIA RIVET MURRAY, Judge.
The appellant, the City of New Orleans by and through the Public Belt Railroad Commission of the City of New Orleans (“NOPB”), seeks review in these consolidated appeals of two ex parte orders, each granting a motion for Bristol Baxley, a Texas attorney, to appear pro hac vice before the district court in the underlying Federal Employer’s Liability Act (FELA) *313 action.[1] For the reasons that follow, we convert these appeals to supervisory writs, and deny the relief requested.
I.
The issues presented arise from two separate FELA actions. In each case, Mr. Baxley, who is not licensed to practice law in this state, represents the plaintiff in association James R. Dugan, II, who is licensed to practice law in this state. In each case, Mr. Baxley was authorized by ex parte order to appear pro hae vice; particularly, the order the district court rendered in each case reads: “IT IS ORDERED that Bristol Baxley be permitted to Appear and participate as co-counsel in the above-styled case.” Alleging that these orders may cause | ¿irreparable harm, NOPB filed the instant appeals. On NOPB’s motion, we consolidated these eases for our review.[2]
The dispositive issue before us is whether under La. R.S. 37:214 Mr. Baxley should be permitted to appear pro hoc vice in association with an attorney licensed to practice in this state. To provide context, we begin by separately setting out the facts and procedural background of the two cases.

Bodenheimer v. NOPB

In December 1996, Robert Bodenheimer filed a suit asserting a FELA claim in the Civil District Court for the Parish of Orleans for injuries he allegedly suffered in the course of his employment with NOPB. At that time, Mr. Bodenheimer was represented by S. Reed Morgan, a named partner of the Texas law firm of Youngdahl, Sadin & Morgan, L.L.P. (‘Youngdahl’’).[3] Although Mr. Morgan resided and practiced law in Texas, he was licensed to practice law in the State of Louisiana.
From December 1996 until March 1999, Mr. Morgan was the only attorney of record in this case. In March 1999, Mr. Morgan left the Youngdahl firm and took this case with him. In April 2000, however, the case apparently was returned to the Youngdahl firm; this is evidenced by the filing of a “Notice of Appearance of Counsel,” by Mr. Baxley, a member of that firm, in association with Mr. Dugan, representing that they “are Plaintiffs authorized attorneys in the above-captioned Rand numbered cause of action.” The order attached to that notice of appearance, however, was denied by the trial court.[4]
In September 2000, NOPB filed a Motion to Disqualify Plaintiffs Counsel of Record From This Proceeding. In that motion, NOPB alleged that Mr. Baxley should be disqualified from representing Mr. Bodenheimer because he is a Texas attorney who is not licensed to practice in this state and because he failed to follow “the proper procedure by which a visiting attorney can practice law in the State of *314 Louisiana.” Simply put, NOPB’s contention is that Mr. Baxley is improperly engaging in the unauthorized practice of law in this state.
Following a hearing, the trial court granted the motion, and disqualified Mr. Baxley “for the moment” until he has filed the appropriate request to “be admitted pro hac vice” in the case. The trial court advised Mr. Baxley that he could “requalify” by filing an appropriate request with the necessary certification; specifically, the trial instructed that Mr. Baxley “still needs to file the appropriate pro hac vice order and get approval signed by the court.”
Complying with the court’s instructions, Mr. Dugan promptly filed a “Motion to Appear Pro Hac Vice,” seeking approval for Mr. Baxley to represent Mr. Boden-heimer as co-counsel in this matter. To this motion, he attached a certificate of the Texas Supreme Court showing that Mr. Baxley was admitted to practice law in that state and that he is in good standing therein. Also attached to the motion was an affidavit by Mr. Baxley attesting that no disciplinary proceedings or criminal charges had been instituted against him. The motion states |4that Mr. Baxley is admitted to practice in Texas state courts as well as the federal courts in the Southern and Eastern District of Texas and the Southern District of Alabama. The motion still further states that Mr. Baxley was not a resident of the State of Louisiana.
On October 3, 2000, the trial court granted the motion and signed an ex parte order authorizing Mr. Baxley to represent Mr. Bodenheimer as co-counsel in association with Mr. Dugan in that case.

Williams v. NOPB

In July 2000, Brandon Williams filed a similar FELA suit in the Civil District Court for the Parish of Orleans for injuries he allegedly suffered in the course of his employment with NOPB. The Williams case was allotted to a different division of the Civil District Court than- the Boden-heimer case. When the original petition was filed, Mr. Williams was represented by both Mr. Baxley and Mr. Dugan. Contemporaneous with the filing of the petition, Mr. Dugan filed a Motion to Appear Pro Hac Vice virtually identical to the one he filed in the Bodenheimer case. On September 27, 2000, the trial court granted the motion and rendered an ex parte order authorizing Mr. Baxley to represent Mr. Williams as co-counsel in association with Mr. Dugan in that case.
II.
The orders granting Mr. Bax-ley’s motion to appear pro hac vice from which NOPB has filed the instant appeals are interlocutory judgments. La. C.C.P. art. 2083 provides that an appeal may be taken from an interlocutory judgment that may cause irreparable harm. Irreparable harm necessary to sustain appeal of an interlocutory judgment occurs when the error in the trial court’s ruling will so affect the merits that the appellate court cannot correct it on appeal from the final 1 ¿judgment. Spencer v. U.S. Fidelity and Guar. Co., 454 So.2d 340, 341 (La.App. 4th Cir.1984). It follows then that these orders may not be appealed unless NOPB demonstrates that the irreparable harm requirement is satisfied.
NOPB contends that irreparable harm will result if it is not permitted to appeal immediately these rulings because Mr. Baxley will be allowed to represent the plaintiff in each case, through trial, despite his lack of a license to practice law in Louisiana. We disagree. On March 9, 2001, this court denied NOPB’s motion for expedited consideration, a stay, or both. The order denying that motion stated that *315 “defendant has provided no facts demonstrating any irreparable harm will occur if this appeal is not decided on an expedited basis. Nor has it been demonstrated that any irreparable harm will ensue by proceeding to trial before the disposition of the appeal under consideration.” The briefs in support of the NOPB appeal have failed to convince this court that its earlier finding of “no irreparable harm” was erroneous.
Even accepting NOPB’s allegation that the trial court erred in granting Mr. Bax-ley’s motion because he is engaging in the unauthorized practice of law by representing these plaintiffs as co-counsel in association with a Louisiana attorney, NOPB has not shown how this alleged error would so affect the merits that it could not be corrected on appeal from final judgment.
Although we conclude that the judgments at issue in the consolidated appeals are not appealable interlocutory judgments, we find this an appropriate case in which to exercise our supervisory jurisdiction, which the Supreme Court in the seminal case, Herlitz Constr. Co. v. Hotel Investors of New Iberia, Inc., stated “logically extends to interlocutory judgments that do not cause irreparable injury.” 396 So.2d 878, n. 1 (La.1981). We do so for several reasons. First, this matter Ifihas been fully briefed and argued by the parties. Second, no one has filed a motion to dismiss these appeals. Finally, La. C.C. P. art. 2164 authorizes this court to render “any judgment which is just, legal, and proper upon the record on appeal.”
Turning to the merits, in both cases NOPB assigns the same four errors. Succinctly stated, NOPB asserts that the trial court’s signing of the orders allowing Mr. Baxley to appear pro hac vice was in error given: (i) his disqualification by the trial judge in the Bodenheimer case; (ii) his active practice of law in this state precludes him from being “temporarily present in this state” as required to be a “visiting attorney” under La. R.S. 87:214; (iii) the ex parte nature of the motion and order granting him pro hac vice status violated the requirement of a contradictory hearing under La. C.C.P. art. 963; and (iv) the evidence of violations of La. C.C.P. art. 863,ie., the unauthorized signing of pleadings by people other than the licensed Louisiana co-counsel, Mr. Dugan.
Plaintiffs counter that the district court’s decision in each case to admit Mr. Baxley pro hac vice was proper given that the undisputed facts establish compliance with La. R.S. 37:214. Mr. Baxley is licensed to practice law in Texas. He is a resident of Texas who is temporarily present in this state. And, he acted in association with Mr. Dugan, an attorney licensed to practice law by the Louisiana Supreme Court. Plaintiffs further counter they have a constitutional right to retain Mr. Baxley. Citing Brotherhood of R.R. Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1964), which upheld the constitutionality of the designated counsel system,- plaintiffs assert’ their rights as members of the United Transportation Union (“UTU”) to retain counsel recommended by their union for handling FELA cases. Plaintiffs stress that no |7Louisiana firms are on UTU’s list of designated legal counsel and that the Youngdahl firm, of which Mr. Baxley is a member, is on that list.
We separately address each of NOPB’s four arguments.
(i) Disqualification in the Boden-heimer case
In disqualifying Mr. Baxley in the Bodenheimer case, the trial court cited Mr. Baxley’s failure to file an “appropriate pro hac vice order and get approval signed *316 by the court.” The trial court, however, failed to cite any statutory authority for such requirement,[5] and we have found no such authority.
The governing statutory provision regulating the practice of law in this state is La. R.S. 37:214, which provides in pertinent part:
Except as provided in this Section, no person licensed or qualified to practice as an attorney at law or as a counsellor at law in any other state and temporarily present in this state shall practice law in this state, unless he has been first duly licensed to practice law by the supreme court of this state or unless he acts in association with some attorney duly licensed to practice law by the supreme court of this state.
Noticeably absent from this statute is any mention of a pro hac vice motion, much less the contents to include in such motion. Recognizing this statutory silence, the Second Circuit in State v. Roberts, 569 So.2d 671 (La.App. 2d Cir.1990), aptly stated:
We have scoured the Rules of the Fifth Judicial District Court and the Supreme Court Rules and we can find no rule to justify barring an out of state lawyer who has associated with local counsel. In fact, state law holds to the contrary. There is a specific provision for the practice of law by out of state (“visiting”) attorneys.
569 So.2d at 675. Given that construction of the statute, the Roberts court held that a Texas attorney who filed a timely motion to enroll as co-counsel | sand who associated with local counsel was entitled to act as the defendant’s lead counsel. The court held that these acts “satisfied every requirement of state law to serve as lead counsel.” 569 So.2d at 676. Rejecting the trial court’s reliance on a “practice” of excluding out of state attorneys from practicing absent court permission and construing La. R.S. 37:214, the court reasoned that “[t]he plain meaning is that a visiting attorney who has associated with a duly licensed Louisiana attorney should be permitted to practice law in this state.” 569 So.2d at 675. We agree.
Applying those principles to this case, we conclude that the trial court erred in disqualifying Mr. Baxley due to his failure to follow the proper procedure. Although a custom may have developed among local practitioners to borrow the formal, detailed requirements enunciated in the federal local rules for the Eastern, Middle, and Western Districts of Louisiana, there is no “proper procedure” for a visiting attorney to follow in state district court.[6] The Louisiana Legislature has sanctioned a visiting attorney appearing in association with a duty licensed Louisiana attorney and has imposed no requirement of fifing a pro hac vice motion and order, or obtaining leave of court as a prerequisite for doing so.[7] NOPB’s reliance on *317 |3the district court’s disqualification of Mr. Baxley in Bodenheimer is thus misplaced.
(ii) “Temporarily present in this state”
NOPB’s second assignment of error is that Mr. Baxley’s extensive involvement in more than twenty personal injury cases in Civil District Court for the Parish of Orleans in the prior three years takes him outside the scope of a “visiting attorney” under La. R.S. 37:214 given that he cannot be considered “temporarily present in this state.” NOPB contends that Mr. Baxley has “hung his shingle” and is engaging in the unauthorized practice of law in this state. Countering, plaintiffs contend that the phrase “temporarily present” is not meant to establish a numerical limitation, but rather to distinguish nonresidents from permanent residents. In support, plaintiffs cite two cases: one federal, Sobol v. Perez, 289 F.Supp. 392 (E.D.La. 1968), and one state, Ex parte Perkins, 224 La. 1034, 71 So.2d 558 (1954).
Those cases construe the “temporarily present” phrase as drawing a distinction between a non-resident and a permanent Louisiana resident.[8] In Sobol, supra, the federal court found an out of state attorney who had taken a leave of absence and moved to New Orleans to serve as a staff attorney for a public interest group was “temporarily present in this state” given that the attorney had no intent of “remaining in the state permanently.” 289 F.Supp. at 401. Similarly, in Perkins, the court construed the “temporarily present” phrase as distinguishing between a nonresident and a permanent resident. The court in Perkins thus held that Mr. Perkin, who was licensed to practice in Mississippi, could not qualify as a ImVisiting attorney given that “for more than 30 years [he had been] a resident of Baton Rouge, Louisiana, as well as -a qualified voter of that city.” 224 La. at 1037, 71 So.2d at 559.
Even in states that have express statutory language limiting amount of pro hac vice appearances, the courts generally have construed such language liberally when the attorney is involved in a specialized area of the law. CSX Transp., Inc. v. McCord, 202 Ga.App. 365, 414 S.E.2d 508 (1991), is illustrative. In McCord, the court rejected the argument that an out-of-state attorney who was engaged in at least ten pending FELA cases had violated the Georgia rule limiting pro hac vice appearances to “isolated cases.” The court reasoned that “the activities of the out-of-state attorney in Georgia appear to be limited to cases within a narrow specialty in which he has a genuine expertise and there is no indication that he is involved in using our provision for pro hac vice appearances to circumvent our licensing requirements or conduct a general practice of law.” 202 Ga.App. at 367-68, 414 S.E.2d at 511; see also State ex rel. H.K. Porter Co. v. White, 182 W.Va. 97, 386 S.E.2d 25 (1989)(out-of-state attorney allowed to appear pro hac vice despite large volume of other cases in which attorney was involved given attorney’s expertise in asbestos eases); McKenzie v. Burris, 255 Ark. 330, 344, 500 S.W.2d 357, 366 (1973)(rejeeting attempt to impose “arbitrary numerical limitation on number of such appearances”).
Although NOPB stresses Mr. Baxley’s appearance in at least twenty-three cases in the Civil District Court for the Parish of Orleans during the prior three years, plaintiffs point out that virtually all of *318 those cases were FELA eases, an area in which Mr. Baxley specializes. Indeed, plaintiffs argue that NOPB is seeking to remove Mr. Baxley from these FELA cases because he is too qualified and that, In contrary to NOPB’s contention, the trial court’s decision to admit Mr. Baxley served the statutory purpose behind provisions prohibiting the unauthorized practice of law. As to the latter point, plaintiffs cite White, supra, which explained that the purpose for restricting the practice of law to licensed attorneys “ ‘is not the protection of the members of the bar from competition or the creation of a monopoly for the members of the legal profession, but is instead the protection of the public from being advised and represented in legal matters by unqualified ... persons.’ ” 182 W.Va. at 101, 386 S.E.2d at 29.
On a similar note, the United States Supreme Court in addressing a pro hac vice issue commented:
We do not question that the practice of courts in most States is to allow an out-of-state lawyer the privilege of appearing up on motion, especially when he is associated with a member of the local bar. In view of the high mobility of the bar, and also the trend toward specialization, perhaps this is a practice to be encouraged.... The States prescribe the qualifications for admission to practice.
Leis v. Flynt, 439 U.S. 438, 442, 99 S.Ct. 698, 701, 58 L.Ed.2d 717 (1979). The practice of law in this state is governed by La. R.S. 37:214. Given that Mr. Baxley resides in Texas, he satisfies the requirement of being “temporarily present” in this state under La. R.S. 37:214. And, as noted above, Mr. Baxley’s association with Mr. Dugan, a Louisiana licensed attorney, satisfies the other statutory requirement for appearing as a visiting attorney in these two cases. The trial court thus did not err in granting the pro hac vice motions.
|1g(iii) Contradictory hearing
NOPB contends that the ex parte nature of the motions and orders authorizing Mr. Baxley to appear pro hac vice violated the requirement for a contradictory hearing under La. C.C.P. art. 863. As noted, there is no specific statutory requirement for a visiting attorney to file a written motion to appear pro hac vice. It follows then that there is no requirement for a contradictory hearing.
(iv) Unauthorized signing of pleadings
NOPB argues that there is evidence of violations of La. C.C.P. art. 863, i.e., the unauthorized signing of pleadings by people other than the licensed Louisiana co-counsel, Mr. Dugan. Plaintiffs counter that NOPB has “made no motion, objection or any other complaint about signatures in this case” and that NOPB lacks standing to complain about signatures in other cases. As to other cases, this issue is not properly before us. As to this case, NOPB’s remedy if it believes opposing counsel is engaging in unethical conduct is either to seek sanctions in the district court or to file a complaint with the state bar association.
III.
For the foregoing reasons, we convert applicants’ consolidated appeals to supervisory writ applications, and we deny the relief requested.
APPEAL CONVERTED TO WRIT APPLICATION; WRIT APPLICATION GRANTED; RELIEF DENIED.

. Pro hac vice is defined as "[f]or this turn; for this one particular occasion. A lawyer may be admitted to practice in a jurisdiction for a particular case only.” Black’s Law Dictionary 1091 (5th ed.1979). As discussed elsewhere, this term is not used in any Louisiana statute.

. We denied NOPB’s motion for expedited consideration of the appeals and refused to stay the trial court proceedings pending appeal. The parties represented at oral arguments before this court that the Bodenheimer case has been tried.

. The firm name was changed to Youngdahl & Sadin in 1999 when Mr. Morgan left the firm. At that time, Mr. Morgan filed a "Notice of Change of Firm Name,” listing his new firm name as Morgan & Karam, also located in Texas.

. On that order, the trial judge handwrote the following: "Denied. Does not comply with law. Also counsel from Texas needs to be presented in court with the motion in hand to be interrogated.”

. Although NOPB cites to La. R.S. 37:215, that provision applies only to an attorney seeking to invoke the reciprocity provision in La. R.S. 37:214. That provision is inapposite.

. The federal local rules for the Eastern, Middle, and Western districts of Louisiana require a visiting attorney to submit a written motion and detail the attachments that must be included. Those rules further provide that such motion is to be ruled on “by ex parte order.’’ Local Rule 83.2.6, Louisiana Rules of Court, Federal.

.An interested party may file a motion to disqualify such a visiting attorney on the basis that he is "not competent or ethically fit to practice,” or not "temporarily present.” The visiting attorney would then be entitled to notice and “the opportunity of demonstrating that he remains ‘temporarily present in this state' ... and that he satisfies the level of professional competence and ethical responsibility expected of an attorney admitted to practice in Louisiana.” State v. Landry, *317 2001-1223, 2001-1641, p. 2 (La.6/29/01), 791 So.2d 630, 631.

. See also La. C.C.P. art. 1436 (providing for taking of deposition of nonresident using similarly "temporarily in this state" phrase).